VERNON A. ELLISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ellison v. Commissioner
Docket No. 1735-75.
United States Tax Court
T.C. Memo 1976-282; 1976 Tax Ct. Memo LEXIS 120; 35 T.C.M. (CCH) 1261; T.C.M. (RIA) 760282; September 7, 1976, Filed *120 Petitioner filed income tax return forms which contained no information other than petitioner's name, address, social security number, occupation, and claimed exemptions for himself, his spouse, and three children named as dependents. The words "Under penalties of perjury" were deleted from the line above petitioner's signature. Attached to the Forms 1040 were statements objecting to the form of the return specified as (1) invasion of privacy in violation of Fourth Amendment, and (2) possible self-incrimination in violation of Fifth Amendment, and also a statement that petitioner had no income in valid constitutionally legal dollars redeemable in gold and silver. Respondent determined deficiencies in petitioner's taxes by the bank deposit method and asserted penalties under secs. 6651(a) (failure to file), 6653(a) (negligence) and 6654 (failure to pay estimated tax). Petitioner offered no evidence at trial. Held, the forms filed by petitioner were not valid income tax returns. Held,further, neither the requirement that petitioner provide information sufficient for a valid return nor respondent's reconstruction of petitioner's taxable income constitutes a violation of petitioner's *121 Fourth and Fifth Amendment rights. Held,further, petitioner's argument based on legal tender is spurious. Held,further, imposition of various penalties approved. Vernon A. Ellison, pro se. Craig D. Platz, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies and additions to the tax in respect of petitioner's individual income tax liability as follows: Additions to Tax TYE
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
1971
$7,308.21
$1,827.05
$365.41
$233.86
1972
3,162.04
790.51
158.10
101.18
The issues presented for decision are: (1) Whether petitioner filed Federal income tax returns for 1971 and 1972; if not, whether for purposes of the addition to tax asserted pursuant to section 6651(a), petitioner's failure to file these returns was due to reasonable cause by virtue of petitioner's claims under various provisions of the Constitution of the United States; (2) Whether petitioner has proved error in respondent's reconstruction of petitioner's taxable income and determination of income *122 tax liability therefor in respect of each of the taxable years 1971 and 1972; (3) Whether Federal Reserve Notes constitute legal tender receipt of which represents income upon which petitioner is subject to tax; and (4) Whether petitioner is liable for the additions to tax under section 6653(a) (negligence penalty) and section 6654 (failure to pay estimated tax) determined by respondent in respect of both taxable years in issue. FINDINGS OF FACT At the time he filed his petition herein, petitioner Vernon A. Ellison maintained his legal residence in the State of Wyoming. On or about April 14, 1972, petitioner filed with the Internal Revenue Service a Form 1040 ("U.S. Individual Income Tax Return") for the year 1971. This Form 1040 contained no information other than petitioner's name, address, social security number, occupation (which he indicated as "gambler"), and claimed exemptions for himself, his spouse, [2] and three named children as dependents. No figures were reported for income or deductions. No tax was shown due nor did any payment accompany the For 1040. The words "Under penalties of perjury" were deleted from the line above petitioner's signature. Attached to the Form *123 1040 was a handwritten statement captioned "OBJECTIONS TO FORM OF RETURN" in respect of which petitioner specified: 1. Invasion of privacy in violation of 4th Amendment of the Constitution of the United States. 2. Possible self-incrimination in violation of the 5th Amendment of the Constitution of the United States. Also, I had no income in valid constitutionally legal dollars $ $ $ redeemable in gold or silver. On or about March 17, 1973, petitioner filed with the Internal Revenue Service a Form 1040 ("U.S. Individual Income Tax Return") for the year 1972 which stated petitioner's name, address, social security number, and occupation ("consultant") and reported adjusted gross income as "Less than $7.00." No tax was shown due nor did any payment accompany the Form 1040. The phrase "Under penalties of perjury" was deleted from the line above petitioner's signature. Included was a statement of petitioner's objections thereto similar to that appended to petitioner's 1971 Form 1040. On or about October 14, 1973, petitioner filed with the Internal Revenue Service a *124 Form 1040X ("Amended U.S. Individual Income Tax Return") for the year 1971 which reported the correct amount of petitioner's adjusted gross income as "Less than 400 dollars." As on the original 1040 for 1971, petitioner crossed out the words "Under penalties of perjury" and also invoked his constitutional rights under various amendments. When requested by the revenue agent investigating petitioner's income tax liability for the years in issue, petitioner refused to furnish the Internal Revenue Service with any records or other information relating to his income or allowable deductions for the years 1971 and 1972. By notice of deficiency issued to petitioner on November 26, 1974, respondent determined that no return had been filed for 1971, in respect of which year respondent further determined a deficiency of $7,308.21 in petitioner's tax liability and additions to tax totaling $2,426.32. Respondent also determined therein that no return was filed for 1972 and further determined a deficiency of $3,162.04 and additions to tax amounting to $1,049.79 in respect of petitioner's income tax liability for 1972.Respondent based these determinations on petitioner's taxable income for each *125 year computed by reference to petitioner's deposits to his bank account at the First National Bank of Riverton, Riverton, Wyo. Respondent's computation as to petitioner's taxable income for 1971 was as follows: Total deposits during 1971
$32,522.39
Less: Business expenses [3]
(9,736.53)
Standard decuction
( 750.00)
Personal exemption
( 675.00)
Taxable income
$21,360.86
Similarly, respondent computed petitioner's taxable income for 1972 as follows: Total deposits during 1972
$18,575.99
Plus: cash withheld from deposits
5,619.00
Less: deposits from known loan
proceeds
( 1,000.00)
Business Income
$23,194.99
Less: business expenses [4]
(10,516.75)
standard deduction
( 1,000.00)
personal exemption
( 750.00)
Taxable income
$10,928.24
OPINION The instant *126 case entails primarily petitioner's objections, on various constitutional grounds, to providing the information as required on a proper Federal income tax return and petitioner's corelative contention that Federal Reserve Notes do not constitute legal tender and therefore are not constitutionally subject to taxation. Petitioner declined to present any evidence at trial in respect of his income tax liability for the years in issue and relied instead on the legal arguments made on brief. Arguments similar to those advanced by petitioner were considered and rejected in Edward A. Cupp,65 T.C. 68 (1975), on the authority of which case we dispose of petitioner's contentions herein and accordingly hold for respondent. Petitioner recognizes the authority of the Government to assess and collect taxes but maintains that the exercise of this authority entails violation of his constitutional rights. We emphasize that neither the requirement that petitioner provide information sufficient for the execution of a valid return nor respondent's reconstruction necessitated by petitioner's failure to do so constitutes a violation of petitioner's Fourth and Fifth Amendment rights.Edward A. Cupp,supra, *127 and cases cited therein. Indeed, had petitioner complied with the basic informational requisites of a valid return, any further inquiry by respondent into petitioner's personal and financial affairs might have been avoided entirely. Specifically, we hold that the Forms 1040 filed by petitioner for 1971 and 1972 do not constitute returns as required by the statute and case law. For one, a return, to be valid, must be signed by the taxpayer under penalties of perjury. Sec. 6065; [5] *128 Edward A. Cupp,supra, at 78-79; John H. Houston,38 T.C. 486 (1962), and cases cited therein at 492; see Peter Vaira,52 T.C. 986 (1969), revd on other grounds 444 F. 2d 770 (3rd Cir. 1971), and the discussion therein at 1005. Petitioner, by excising the phrase "Under penalties of perjury" from the line above his signature on each of the Forms 1040 herein, has therefore failed to comply with the verification requisite of a proper return. Further, it is well settled that a form purporting to be a valid tax return must contain information sufficient to enable respondent to ascertain and assess the taxpayer's tax liability. Sec. 6011(a); [6]Commissioner v. Lane-Wells Co., 321 U.S. 219 (1944); Edward A. Cupp,supra, and the cases cited therein at p. 79. To the extent that the Forms 1040 filed by petitioner for 1971 and 1972 provided no information in respect of petitioner's income, deductions, etc., such forms do not satisfy the information standard prescribed for a valid return. Having concluded that petitioner failed to file a valid *129 income tax return for 1971 and for 1972, we further find that the statements included with each of the Forms 1040 whereon petitioner invoked his rights under various constitutional amendments do not suffice to establish reasonable cause so as to obviate imposition of the additions to tax asserted by respondent under section 6651(a) [7] *130 for failure to file a tax return or pay tax. Edward A. Cupp,supra, and the cases referred to therein at 79-80; cf. Garner v. United States,U.S. , fn. 3 at (Mar. 23, 1976) (37 AFTR 2d 76-1042, 76-1 USTC par. 9301). Focusing on the issue of petitioner's substantive tax liability for the years in issue, we note at the outset that pursuant to section 6001 and the regulations thereunder [8] *132 petitioner was required to maintain books and/or records sufficient to establish his income tax liability. Inasmuch as petitioner failed to maintain or, more precisely, provide any such substantiating material, and absent any information on the respective Forms 1040 filed by petitioner for 1971 and 1972, respondent computed petitioner's taxable income on the basis of the bank deposits method of reconstruction of income, resort to which method is well recognized under such circumstances. See, e.g., Estate of Mary Mason,64 T.C. 651, 656-657 (1975) (on appeal to the Sixth Circuit); John Harper,54 T.C. 1121, 1129 (1970). Petitioner herein has presented no evidence challenging *131 respondent's application of the bank deposits method and determination of tax liability thereby for each of the years in issue. Given petitioner's failure to sustain his burden of proof, we perforce uphold respondent's determination as to petitioner's tax liability for 1971 and 1972. Rule 142(a), Tax Court Rules of Practice and Procedure; see Estate of Mary Mason,supra, and cases cited therein at 657. As we more fully discussed in Edward A. Cupp,supra, at 80-81, petitioner's position as to the requirement of legal tender redeemable in gold or silver is without merit and affords petitioner no basis for his noncompliance with the Internal Revenue laws. Lastly, we must consider imposition of the additions to tax asserted by respondent under section 6653(a) [9] *133 and section 6654 [10] for each of the years 1971 and 1972. Petitioner has the burden of proof on this issue, Rule 142(a), Tax Court Rules of Practice and Procedure; Peter Vaira,supra;Mark Bixby,58 T.C. 757 (1972), which burden petitioner, having proffered no evidence, has not met; accordingly, we hold that petitioner is liable for the additions to tax under sections 6653(a) and 6654 as determined by respondent. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue, unless otherwise indicated.↩
2. The Form 1040 for 1971 indicates petitioner's filing status as "married filing separately and spouse is not filing."↩
3. In the course of her audit, respondent's agent ascertained that during the years in issue petitioner earned his living as a carpenter. The business deductions allowed represent purchases from Riverton Lumber Co. and Martin A.D. Lumber in the respective amounts of $9,337.42 and $399.11 paid in 1971.↩
4. These allowable expenses comprise payments made in 1972 to Riverton Lumber Co. ($8,981.19), Martin A.D. Lumber ($735.56), and Rice Dry Wall ($800.00). See fn. 3, supra↩.
5. Sec. 6065. VERIFICATION OF RETURNS. (a) Penalties of Perjury.--Except as otherwise provided by the Secretary or his delegate, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury. * * *↩
6. SEC. 6011. GENERAL REQUIREMENT OF RETURN, STATEMENT, OR LIST. (a) General Rule.--When required by regulations prescribed by the Secretary or his delegate any person made liable for any tax imposed by this title, or for the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary or his delegate. Every person required to make a return or statement shall include therein the information required by such forms or regulations. * * *↩
7. SEC. 6651.FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * *↩
8. SEC. 6001. NOTICE OR REGULATIONS REQUIRING RECORDS, STATEMENTS, AND SPECIAL RETURNS. Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary or his delegate may from time to time prescribe. Whenever in the judgment of the Secretary or his delegate it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary or his delegate deems sufficient to show whether or not such person is liable for tax under this title. Sec. 1.6001-1, Income Tax Regs. Records. (a) In general. Except as provided in paragraph (b) of this section, any person subject to tax under subtitle A of the Code, or any person required to file a return of information with respect to income, shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information. * * *↩
9. SEC. 6653.FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. 10. SEC. 6654. FAILURE BY INDIVIDUAL TO PAY ESTIMATED INCOME TAX. (a) Addition to the Tax.--In the case of any underpayment of estimated tax by an individual, except as provided in subsection (d), there shall be added to the tax under chapter 1 and the tax under chapter 2 for the taxable year an amount determined at the rate of 6 percent per annum upon the amount of the underpayment (determined under subsection (b)) for the period of the underpayment (determined under subsection (c)). * * *↩