**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David N. MOORE, Defendant-Appellant.**

**No. 79–2041.**

United States Court of Appeals, Seventh Circuit.

Argued June 11, 1980.

Decided Aug. 22, 1980.

Rehearing and Rehearing In Banc Denied Oct. 8, 1980.

Jeffrey B. Steinback, Chicago, Ill., for defendant-appellant.

Thomas P. Sullivan, U. S. Atty., Joseph H. Hartzler, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Circuit Judge, WOOD, Circuit Judge, and LARSON, Senior District Judge.*

LARSON, Senior District Judge.

Defendant David Moore was charged with failing to file income tax returns for the years 1972, 1973, and 1974, in violation of 26 U.S.C. § 7203. Defendant was tried in June 1979 and the jury found him guilty on all counts. Defendant was a business-man whose income in each of the years he failed to file was in excess of $30,000. He had filed valid tax returns for at least five years prior to 1972.

In April 1973 defendant and his wife submitted a joint return for the 1972 year to the I.R.S. This form contained only their names, occupations, social security numbers and number of dependents. Fifth

* The Honorable Earl R. Larson, United States Senior District Judge for the District of Minnesota, is sitting by designation.

Amendment objections were written across the form and a packet of tax protest literature was attached. The form was signed by the defendant and his wife, but the verification was scratched out. The I.R.S. notified defendant in August 1973 that the forms were not sufficient returns. In a rather contentious January 1974 letter, defendant replied to the I.R.S., stating that he considered dollars to be worthless and his tax return to be adequate.

In May 1974, however, defendant submitted an amended 1040 form for the 1972 year. This form was filed for himself only. On the amended form defendant filled in the various blanks calling for numerical information with "none," except that under interest income he put $41 and under dividend income he placed the figure $22. The Fifth Amendment objections were retained and more tax protest material was appended. Although signed, the certification on the form was again marked over.

In 1974 defendant also filed a return for the year 1973 which was substantially the same as his amended form for 1972. It contained a small amount in interest income and the certification was scratched out. The I.R.S. notified defendant by letter in July 1974 that it did not consider this to be a return. In 1975 defendant filed a similar return for the 1974 year. The I.R.S. again informed him that it did not consider this to be a return.

On appeal defendant raises a number of supposed errors made by the district court. Defendant claims that the district court allowed the introduction of irrelevant and prejudicial evidence. The district court judge allegedly participated excessively in the trial, particularly in questioning the defendant while he was testifying. Defendant contends that the instructions did not adequately inform the jury of his good faith defense. Finally, defendant contends that the district court usurped the jury's function in deciding the issue of whether or not a return had been filed. Defendant claims that the documents he filed with the I.R.S. are returns.

■ It is acceptable for a judge to question a witness as long as he is careful not to do so in a way which would communicate a belief in the defendant's guilt to the jury. *United States v. Baron*, 602 F.2d 1248, 1249 (7th Cir.), *cert. denied*, 444 U.S. 967, 100 S.Ct. 456, 62 L.Ed.2d 380 (1979). Defendant was the subject of some interrogation by the district court. The questioning was not hostile, nor was it of a type which would impair the defendant's right to a fair trial.

■ Defendant claims that the district court committed several evidentiary errors. Testimony accepted from an I.R.S. agent was allegedly improper. No objection was made to this evidence at trial, and it was clearly permissible in any event. Some mention was made of a trust fund which defendant had established and which the government thought may have been a tax avoidance device. Any problem here was eliminated by a stipulation that the trust fund was not intended to be used to avoid taxes. Some of defendant's returns prior to 1972–74 were introduced as evidence. It is acceptable to use earlier returns to show willfulness. *See United States v. Stout*, 601 F.2d 325, 329 (7th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 481, 62 L.Ed.2d 406 (1979), and cases cited therein. Finally, defendant contends that evidence that he purchased an expensive house and a Mercedes car during the period 1972–74 was irrelevant and highly prejudicial. Defendant said that he believed Federal Reserve Notes were worthless and therefore he did not have any real income. The use of these notes in making various purchases tends to undercut the good faith or reasonableness of a belief that dollars are worthless, and is therefore plainly relevant.

■ Defendant next argues that he was not given the opportunity to adequately present his theories of defense, largely because of the failure of the district court to give requested instructions. In particular, he claims that he could not present to the jury his defense of good faith. A defendant is entitled to have the jury instructed on a theory of defense which has some foundation in the evidence and which is

supported by the law. *United States v. Cullen*, 454 F.2d 386, 390 (7th Cir. 1971); *United States v. Grimes*, 413 F.2d 1376, 1378 (7th Cir. 1969).

Willfulness is an element of the 26 U.S.C. § 7203 crime. Willfully in the tax crime statutes means a voluntary, intentional violation of a known legal duty. *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976); *United States v. Bishop*, 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973); *United States v. McCorkle*, 511 F.2d 482, 484 (7th Cir.), *cert. denied*, 423 U.S. 826, 96 S.Ct. 43, 46 L.Ed.2d 43 (1975). The Supreme Court has specifically ruled that no additional good faith defense instruction need be given. *United States v. Pomponio*, 429 U.S. at 13, 97 S.Ct. at 24. *See United States v. Sawyer*, 607 F.2d 1190, 1192 (7th Cir. 1979), *cert. denied*, 445 U.S. 943, 100 S.Ct. 1338, 63 L.Ed.2d 776 (1980). The district court here several times gave the correct definition of willfully to the jury.[1] It did not need to do more.

The district court apparently concluded that the true nature of defendant's defense was that he had made a mistake of law, because he believed that he had filed an adequate "return." The mistake of law defense is extremely limited and the mistake must be objectively reasonable. *United States v. Barker*, 546 F.2d 940, 948 (D.C. Cir.1976). *See United States v. Moore*, 586 F.2d 1029, 1033 (4th Cir. 1978); *Kratz v. Kratz*, 477 F.Supp. 463, 480 (E.D.Pa.1979). The district court correctly instructed the jury on this defense. After telling the jury

that as a matter of law what defendant filed were not returns, the court continued: "The question is, did he reasonably believe that they were. . . . it is Mr. Moore's theory that during the time which he was required to file these returns . . . he did timely (file) what he then reasonably believed to be a proper income tax return . . . and he did not, therefore, willfully fail to file a proper return."

It may not even have been necessary for the district court to give this instruction. The I.R.S. rejected defendant's returns because they did not contain adequate information to allow calculation of a tax liability. Defendant believed his returns were sufficient not because they provided the necessary information, but because he believed he had no legal income to report. This belief was based on the alleged unconstitutionality of the income tax and of Federal Reserve Notes. If defendant had studied *United States v. Daly*, 481 F.2d 28 (8th Cir.), *cert. denied*, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973), and *United States v. Porth*, 426 F.2d 519 (10th Cir.), *cert. denied*, 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970), as carefully as he claims, he would have noticed that the courts have consistently rejected these views as totally frivolous. It would appear impossible for a taxpayer to reasonably believe that Federal Reserve Notes are worthless and therefore that income received in that form does not have to be reported.

Finally, defendant contends that what he filed was a return and that the district court erred in taking this issue from

---

1. The district court told the jury that the government must prove that defendant "willfully, purposely as distinguished from inadvertently, negligently or mistakenly failed to file such a return." The court went on to instruct that:

"The term willful for purposes of these instructions means voluntary, deliberately and intentionally, as distinguished from accidentally, inadvertently or negligently. Willfulness in the context of a failure to file a proper tax return simply means a voluntary, intentional violation of a known legal obligation to file such a return."

The jury's conclusion that defendant acted willfully would necessarily negate any possibility of "good faith" in failing to file. In fact, this Court, and other circuits as well, have held that only an inadvertent failure to file or a bona fide misunderstanding of the duty to file are justifiable or good faith excuses. *United States v. McCorkle*, 511 F.2d at 486. Good faith disagreements with the law or good faith beliefs that it is unconstitutional are not defenses. *United States v. Karsky*, 610 F.2d 548, 550 (8th Cir. 1979), *cert. denied*, 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980); *United States v. Ware*, 608 F.2d 400, 405 (10th Cir. 1979).

the jury. The determination of what is an adequate return is a legal question and it was proper for the district court to decide that question.

■ Defendant asserts that he filed an acceptable return because he did provide some figures, although incomplete and inaccurate, from which a tax could be computed. He argues that his return is therefore unlike those which contain blanket objections and no income figures at all. This is a difficult problem and one which we fortunately do not have to decide. The forms defendant supplied to the I.R.S. were not returns for another reason: they were not verified.

26 U.S.C. § 6001 states that "every person liable for any tax imposed by this title . . . shall . . . make such returns, and comply with such rules and regulations as the Secretary (of the Treasury) may from time to time prescribe." Section 6011(a) requires taxpayers to make returns "according to the forms and regulations prescribed by the Secretary." Section 6061 provides that returns "shall be signed in accordance with forms or regulations prescribed by the Secretary." Section 6065 (section 6065(a) at the time defendant filed his returns) states that "any return . . . required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury." In 26 C.F.R. § 1.6065–1(a) the Secretary of the Treasury has by regulation also required income taxpayers to verify their returns. Defendant had a duty by statute and regulation to file tax returns with a verified signature. The forms he submitted to the I.R.S. were not returns because the declaration that the forms were completed and signed under penalty of perjury was obliterated. *Cupp v. Commissioner*, 65 T.C. 68, 78–79 (1975), *aff'd unpub. mem.*, (3d Cir. June 10, 1977); *Ellison v. Commissioner*, 35 T.C.M. 1261, 1263 (CCH) (1976), *aff'd unpub. mem.*, (10th Cir. Jan. 20, 1978). *See* *Commissioner v. The Pilliod Lumber Co.*, 281 U.S. 245, 248, 50 S.Ct. 297, 299, 74 L.Ed. 829 (1930) (corporate return); *Burford v. Commissioner*, 153 F.2d 745, 746 (5th Cir. 1946) (corporate return); *UHL Estate Co. v. Commissioner*, 116 F.2d 403, 404 (9th Cir. 1940) (corporate return).

■ Even if the forms had been verified, the I.R.S. could have properly rejected them as insufficient returns.[2] The tax protestor cases have forced courts to grapple with the definition of a "return." The tax code and regulations provide little guidance. In *United States v. Porth, supra*, at 523, the Tenth Circuit held that a return "which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code." The return in *Porth* had no information at all on income. The *Porth* test has been adopted by almost all courts, including this one. *United States v. Stout*, 601 F.2d 325, 328 (7th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 481, 62 L.Ed.2d 406 (1979); *United States v. Jordan*, 508 F.2d 750, 751–52 (7th Cir.), *cert. denied*, 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975). It is not clear, however, what the result should be when the form does include some income figures, even if incomplete or inaccurate.

Varying positions have been taken by the Courts of Appeals. The Tenth Circuit has held that a form giving some small income amounts in "constitutional" dollars was tantamount to one giving no information, and would be treated as such. *United States v. Brown*, 600 F.2d 248, 251 (10th Cir.), *cert. denied*, 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979). The Third Circuit appears to have taken a similar approach in *United States v. Edelson*, 604 F.2d 232, 234 (3rd Cir. 1979). The form had only a total income figure, and that was in "constitutional" dollars. In *United States v. Smith*, 618 F.2d 280, 281 (5th Cir. 1980), the taxpayer put zeroes in some of the income blanks. The court said the "return" did not

2. Although not necessary, a discussion of this issue may provide useful guidance to the government in future cases.

purport to disclose the required information and would not be treated as a return. Most recently, in *United States v. Farber*, 630 F.2d 569, (8th Cir. 1980), the Eighth Circuit upheld the failure-to-file conviction of a taxpayer who had reported a small amount of income. *Id.* at 571 n. 2. In all of these cases it was apparent from Fifth Amendment objections written on the forms and from accompanying literature that the filer was a tax protestor.

The Ninth Circuit, however, has taken the opposite position. In *United States v. Long*, 618 F.2d 74, 75 (9th Cir. 1980), the taxpayer submitted a form with zeroes in all the blanks. The court held that even if this information was false, a tax liability could be computed from it and it was therefore an adequate return. Part of the court's rationale appeared to be that a different penalty could be levied against those who took the chance of supplying false information. *Id.* at 75 n. 4. *Cf. United States v. Schmitz*, 542 F.2d 782, 783 (9th Cir. 1976), *cert. denied*, 429 U.S. 1105, 97 S.Ct. 1134, 51 L.Ed.2d 556 (1977), where the same court affirmed a conviction involving a return with zeroes and small amounts, although this was not an issue on appeal.

The Ninth Circuit is clearly correct in stating that a tax liability could be computed from zeroes, or from small amounts. The fact that the information is inaccurate only means that the tax owed, if any, will be wrong, not that it cannot be calculated. When the income information is incomplete, a more difficult problem is presented, but as long as a total income figure is given, the I.R.S. could compute the tax. Certainly a bright line rule that even a form with inaccurate or incomplete income information is a return would be easier to enforce.

The mere fact that a tax could be calculated from information on a form, however, should not be determinative of whether the form is a return. *Porth* relied in part on earlier Supreme Court cases which considered the definition of a return in another context. These cases indicate that it is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code. *See Germantown Trust Co. v. Commissioner*, 309 U.S. 304, 308–09, 60 S.Ct. 566, 568, 84 L.Ed. 770 (1940); *Florsheim Brothers Co. v. United States*, 280 U.S. 453, 462, 50 S.Ct. 215, 74 L.Ed. 542 (1930). In *Zellerbach Paper Co. v. Commissioner*, 293 U.S. 172, 180, 55 S.Ct. 127, 131, 79 L.Ed. 264 (1934), it was said that:

> "Perfect accuracy or completeness is not necessary to rescue a return from nullity, if it purports to be a return, is sworn to as such, and evinces an honest and genuine endeavor to satisfy the law." (citation omitted.)

In the tax protestor cases, it is obvious that there is no "honest and genuine" attempt to meet the requirements of the code. In our self-reporting tax system the government should not be forced to accept as a return a document which plainly is not intended to give the required information.

It is important to harmonize the various tax crime laws. The government apparently prefers to charge tax protestors with failure to file—§ 7203, a misdemeanor, rather than tax evasion—§ 7201, or making false returns—§ 7206, both felonies. A serious problem might be presented if the government took the position that any form with false information on it is not a return. That is not our situation. It is not the false data which makes these returns defective, but the fact that there is no real attempt to comply with the requirement of filing a return.

The government should not have to guess whether it should take the position that a form is not a return and charge the taxpayer with failure to file, or that the form is a return and charge him with filing a false return or tax evasion. If the Courts of Appeals continue to disagree the Supreme Court will eventually have to decide the question, but it is our view that when it is apparent that the taxpayer is not attempting to file forms accurately disclosing his income, he may be charged with failure to file a return.

The conviction is affirmed.