FREDERICK C. and LINDA S. NICOLAISEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nicolaisen v. Commissioner
Docket No. 12033-81.
United States Tax Court
T.C. Memo 1985-120; 1985 Tax Ct. Memo LEXIS 512; 49 T.C.M. (CCH) 977; T.C.M. (RIA) 85120; March 20, 1985. Anthony F. Mercurio, for the petitioners. David W. Johnson, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge:* With respect to petitioners' 1977 Federal income tax, respondent determined a deficiency of $5,813.00 and an addition to tax of $290.65 under section 6653(a) [1], [2]. After concessions by both parties, the remaining issues are (1) whether certain amounts paid to petitioners by the Panama Canal Company in 1977 are excludible from gross income under section 912, (2) whether petitioners are liable for an addition to tax under section 6651(a)(1) for failure to file a return within the period prescribed by law, and (3) whether petitioners are liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. *514 The facts have been fully stipulated and are so found. Petitioners, Frederick C. (Frederick) and Linda S. (Linda) Nicolaisen, resided in the Panama Canal Zone (herein the "Canal Zone") when they filed the petition herein. [3] During 1977, Frederick and Linda were employed by the Panama Canal Company and received wages of $19,512.09 and $8,427.20, respectively. [4]
For 1977, petitioners originally filed a Form 1040 which they executed *515 on April 26, 1978, and which respondent received on May 8, 1978 (herein the "original Form 1040"). On the original Form 1040, petitioners did not report any income or tax liability, typing the word "none" on lines 8, 9, 10, and 20, which requested the amounts of petitioners' wages, interest, dividends, and other items of income, respectively. Petitioners attached the following documents to the original Form 1040: (a) Schedules A and B to Form 1040, on which petitioners claimed a $91,000 deduction for charitable contributions to the Miletus Church; (b) a copy of the Internal Revenue Service's Publication 15, Circular E, Employer's Tax Guide, (Rev. November, 1976) [5]; (c) an "Ordination Certificate" from The Miletus Church attesting to Frederick's ordination as a minister thereof; (d) a "Receipt" signed by David L. Homes, Bishop, purporting to acknowledge receipt by The Miletus Church during 1977 of "articles, properties and/or monies" from petitioners having a total "Market Value" of $91,000; and (e) two Wage and Tax Statements (Forms W-2) for 1977 from the Panama Canal Company, indicating that Frederick received wages of $19,512.09, and that Linda received wages of $8,427.20. On *516 the original Form 1040, petitioners claimed a refund of $2,972.96. In his notice of deficiency, dated March 27, 1981, respondent determined that petitioners had received unreported wage income totalling $27,939.29 from the Panama Canal Company and unreported interest income of $2,412.Respondent also determined that petitioners were not entitled to a charitable contribution deduction of $91,000, and asserted an addition to tax under section 6653(a). On January 25, 1982, after the pleadings were filed herein, petitioners filed with respondent an amended Form 1040 for 1977 on which they set forth information concerning their income, deductions, credits and other tax items (herein the "amended Form 1040"). The petitioners attached to the amended Form 1040 two wage and tax statements (Forms W-2) similar *517 to those attached to the original Form 1040, which indicated that petitioners had received wages totalling $27,939.29 from the Panama Canal Company during 1977. However, on the amended Form 1040, petitioners reported gross income from wages of $24,626, indicating by means of attachments thereto that the difference of approximately $3,313 represented an "overseas (tropical) differential" paid to them by the Panama Canal Company, which they contend was excludible from gross income under section 912. Petitioners did not claim any deductions on the amended Form 1040 for charitable contributions. Although the amended Form 1040 set forth certain other items which were disputed by respondent, the parties have reached agreement with respect thereto. The first issue is whether petitioners are entitled to exclude from gross income under section 912 the amount which they contend was received as an overseas (tropical) differential from their employer, the Panama Canal Company. Section 912 provides, in relevant part, as follows: The following items shall not be included in gross income, and shall be exempt from taxation under this subtitle: (1) Foreign areas allowances.--In the case of *518 civilian officers and employees of the Government of the United States, amounts received as allowances or otherwise (but not amounts received as post differentials) under-- * * * (C) title II of the Overseas Differentials and Allowances Act, * * * * * * (2) Cost-of-living allowances.--In the case of civilian officers or employees of the Government of the United States stationed outside the continental United States (other than Alaska), amounts (other than amounts received under title II of the Overseas Differentials and Allowances Act) received as cost-of-living allowances in accordance with regulations approved by the President. The parties agree that during the year in issue, the Panama Canal Company was authorized to pay to qualified U.S. citizen employees, in addition to basic compensation, an amount designated as an overseas (tropical) differential. See title 2, Sec. 146 of the Canal Zone Code, 76A Stat. 17 (1962); 35 C.F.R. Sec. 253.135(a) (1977). Petitioners argue that this differential is either an allowance under Title II of the Overseas Differentials and Allowances Act which is excludible from gross income under section 912(1)(C) or alternatively, a cost-of-living *519 allowance which is excludible from gross income under section 912(2). Respondent, however, argues that the differential is neither an allowance under Title II of the Overseas Differentials and Allowances Act, nor a cost-of-living allowance, and consequently is not excludible from gross income under section 912. This Court recently had occasion to consider identical arguments with respect to taxable year 1979 in Smith v. Commissioner,83 T.C. 702 (1984). In Smith, the taxpayer had received, interalia, an overseas (tropical) differential from the Panama Canal Company, which he argued was excludible under sections 912(1)(C) or 912(2). [6] The Court first considered the taxpayer's argument under section 912(1)(C). It determined that section 912(1)(C) excludes only "foreign area" allowances paid under title II of the Overseas Differentials and Allowances Act and that the Canal Zone was specifically excluded from the definition of "foreign area" contained in that Act. Since the Canal Zone was not a "foreign area" as defined in the Overseas Differentials and Allowances Act, the Court held that the overseas (tropical) differential paid by the Panama Canal *520 Company was not a "foreign area allowance" under title II thereof, and therefore, was not excludible from gross income under section 912(1)(C). Smith v. Commissioner,supra at 713. The Court next considered the taxpayer's argument under section 912(2), under which certain amounts received as cost-of-living allowances are excludible from gross income. After consideration of relevant authorities, this Court concluded that the overseas (tropical) differential paid by the Panama Canal Company was not a "cost-of-living allowance" as that term is used in section *521 912(2), but rather, was in the nature of a compensatory recruitment and retention incentive, and accordingly was not excludible under that section. Smith v. Commissioner,supra at 713-715. For the reasons set forth in this Court's opinion in Smith, we reject the arguments advanced by petitioners herein. [7] Accordingly, we hold that petitioners may not exclude under section 912 the amount claimed to have been an overseas (tropical) differential paid by the Panama Canal Company. [8]
*522 The next issue is whether petitioners are liable for an addition to tax under section 6651(a)(1) for failure to file a timely return. Since respondent first asserted this addition to tax in his amended answer, he bears the burden of proof with respect to this issue. Rule 142(a). Respondent argues that the original Form 1040 did not constitute a return because it did not contain sufficient information from which petitioners' tax liability could be computed. This Court has held that in order to constitute a return, a document need not be perfectly accurate or complete as long as it purports to be a return, is sworn to as such, evidence an honest and genuine endeavor to satisfy the requirements for a return, and contains sufficient information from which the taxpayer's tax liability can be computed. See generally Jarvis v. Commissioner,78 T.C. 646 (1982) and cases cited therein; Reiff v. Commissioner,77 T.C. 1169, 1177 (1981) and cases cited therein. Respondent's argument herein is based upon Jarvis v. Commissioner,supra and Reiff v. Commissioner,supra, in which this Court held that the documents *523 there in issue were not "returns" for purposes of section 6501(c)(3) and 6651(a), respectively. In Jarvis and Reiff, the taxpayers had filed protest-type returns setting forth numerous constitutional objections which had previously been rejected by this and other Courts. In Jarvis, the Court noted that "[i]n the tax protester cases, it is obvious that there is no 'honest and genuine' attempt to meet the requirements of the Code." Jarvis v. Commissioner,78 T.C. at 654, citing United States v. Moore,627 F.2d 830 (7th Cir. 1980), cert. denied 450 U.S. 916 (1981). Although we do not seek to encourage taxpayers who unjustifiably claim exemptions from tax and charitable contribution deductions based upon their membership in purportedly religious organizations, we find that the original Form 1040 filed herein was different from those documents filed in Jarvis and Reiff. Respondent cannot, without more, satisfy his burden of proof in this case by relying upon those factually dissimilar cases. Under the particular circumstances of this case, we hold that respondent has failed to satisfy his burden of proof that the original *524 Form 1040 did not constitute a return for purposes of section 6651(a)(1). Accordingly, we hold for petitioners on this issue. The final issue is whether petitioners are liable for an addition to tax under section 6653(a), which provides that if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to five percent of the underpayment. Petitioners bear the burden of proof on this issue. Bixby v. Commissioner,58 T.C. 757, 791 (1972); Rosano v. Commissioner,46 T.C. 681, 688 (1966). Since petitioners presented no evidence on this issue, the addition to tax under section 6653(a) is sustained. To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
*. By order of the Chief Judge, this case was reassigned from Judge Richard C. Wilbur to Judge William M. Fay↩ for disposition. 1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Although, on its face, the notice of deficiency indicated an addition to tax in the amount of $290.65 pursuant to sec. 6651(a), the documents attached to the notice establish that the addition to tax was in fact asserted under sec. 6653(a), not sec. 6651(a), and the parties have so stipulated. In his amended answer, respondent asserted the correct amounts of the deficiency and the sec. 6653(a) addition to tax to be $7,632 and $381.60, respectively. Respondent also asserted therein that the document originally filed by petitioners did not constitute a "return" for purposes of sec. 6651(a)(1), and asserted an addition to tax thereunder in the amount of $1,164.76.↩
3. In their petition, petitioners listed their address as "PSC Box 629, APO Miami 34005." ↩
4. During the year in issue, the United States exercised territorial sovereignty over the Canal Zone pursuant to a 1903 treaty between the United States and the Republic of Panama. In that treaty, Panama Granted to the United States "all the rights, power and authority within the [Canal] zone * * * which the United States would possess and exercise if it were the sovereign." Under Title 2, chapter 5, section 61 of the Canal zone Code (76A Stat. 8 (1962)), the Panama Canal Company was the agency of the United States responsible for the operation and control of the Panama Canal. See McCain v. Commissioner,81 T.C. 918, 919↩ (1983).
5. This publication sets forth information for employers concerning their withholding obligations with respect to federal income tax, social security (FICA) taxes, and federal unemployment (FUTA) tax. Petitioners circled the information on this document pertaining to withholding in cases where payments are made to certain members of religious orders and ministers of churches.↩
6. October 1, 1979 was the effective date of the Panama Canal Treaty, (T.I.A.S. 10031), and the date on which the Panama Canal Company became the Panama Canal Commission. Consequently, the taxpayer in Smith v. Commissioner,83 T.C. 702 (1984) received two overseas (tropical) differentials during 1979: the first from the Panama Canal Company during the period from January 1 through September 30, 1979, and the second from its successor, the Panama Canal Commission during the period from October 1 through December 31, 1979. Smith v. Commissioner,supra↩ at 703-704.
7. Although the taxable year in Smith v. Commissioner,supra, was 1979 while the instant case involves 1977, we have examined the authorities relied upon in this Court's decision in Smith as they were applicable during 1977, including the provisions of title II of the Overseas Differentials and Allowances Act; C.Z. Code, title 2, sec. 146, 76A Stat. 17 (1962); 35 C.F.R. 253.135 (1977); as well as secs. 912(1)(C) and 912(2). These authorities were substantially the same in 1977 as they were during the relevant period in Smith, and we find nothing which would cause us to reach a conclusion with respect to 1977 different from that reached with respect to 1979 in Smith,↩ i.e., that an overseas (tropical) differential paid by the Panama Canal Company is not excludible from gross income under secs. 912(1)(C) or 912(2).
8. On brief, respondent raised the issue of whether petitioners had satisfied their burden of proving that the amount which they sought to exclude was in fact paid to them as an overseas (tropical) differential. Since we hold that any amount paid to petitioners by the Panama Canal Company as an overseas (tropical) differential is not excludible under either sec. 912(1)(C) or sec. 912(2), we need not address the burden of proof issue raised by respondent.↩