AL G. HUSHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Husher v. Commissioner
Docket Nos. 3575-82, 13962-84.
United States Tax Court
T.C. Memo 1986-236; 1986 Tax Ct. Memo LEXIS 378; 51 T.C.M. (CCH) 1160; T.C.M. (RIA) 86236; June 9, 1986. Al G. Husher, pro se. David Goldberg, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: By notice of deficiency, respondent determined deficiencies and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)(1)
1980
$4,860.40
$891.39
$243.02
1981
7,164.00
1,633.01
358.20
Additions to Tax
Year
Sec. 6653(a)(2)
Sec.6654(a)
1980
1981
50% of the
$488.43
interest due
on $7,164.00
In his Amendment to Answer respondent asserted the following increased deficiency and additions to tax [2]: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
1980
$6,199.67
$1,226.20
$309.98
*380 The issues for decision are (1) whether petitioner is liable for income tax on wages received during 1980 and 1981, (2) whether petitioner's filing status for 1980 is married filing separately, (3) whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6653(a)(1) for 1980 and 1981 and sections 6653(a)(2) and 6654(a) for 1981, and (4) whether petitioner is liable for damages under section 6673. FINDINGS OF FACT Petitioner Al G. Husher resided in Cambria Heights, New York, when the petitions herein were filed. Petitioner had properly filed Federal income tax returns for taxable years prior to 1980. Throughout 1980 petitioner was married to Darlene Husher. Petitioner was employed by the New York City Transit Authority as a tower operator during the years in issue and earned wages totaling $23,010.84 and $24,005.80 during 1980 and 1981, respectively. No contracts were *381 entered into during those years between the New York City Transit Authority and any churches on behalf of petitioner. Petitioner filed a Form 1040 for taxable year 1980, which purported to be his Federal income tax return. On this form petitioner stated that his occupation was that of minister; he indicated no filing status. Although the Form W-2 attached to petitioner's Form 1040 showed that petitioner had wage, tips, and other compensation of $23,010.84, petitioner left blank the lines provided for information concerning income, adjustments, credits, and tax and claimed a refund of $1,294.86, the amount of Federal income tax that had been withheld. Below his signature petitioner entered the following statement: "I have taken an irrevocable vow of poverty (copy attached) and have received a directive from the head of my order and am therfor [sic] exempt from Federal income tax 1040." For 1981, petitioner again filed a Form 1040, which purported to be his Federal income tax return. On this form, petitioner stated this his occupation was that of minister and he indicated that he was married filing a separate return. The Form W-2 attached to the Form 1040 showed that petitioner *382 had wages, tips, and other compensation of $24,005.80. Petitioner, however, left blank the lines provided for information concerning income, adjustments, credits, and tax and claimed a refund of $631.98, the amount of Federal income tax that had been withheld. Attached to the Form 1040 was a slip of paper on which was typed the following statement: "Reverend A. G. Husher is a member of a Religious Order who has taken an irrevocable Vow of Poverty and performs services pursuant to direction by the Order as an agent. The income generated is the property of the Church and Order and not personal income to the individual." Petitioner's name was handwritten in ink on the line provided for that purpose. This statement also listed an address to write to for "confirmation or clarification." The Forms 1040 filed by petitioner for 1980 and 1981 did not constitute Federal income tax returns. In his notice of deficiency for 1980, respondent determined that petitioner had received income during that year of $23,010 and computed petitioner's tax liability based on the tax rate for unmarried individuals. In addition, respondent determined additions to tax under sections 6651(a) and 6653(a). *383 By Amendment to Answer respondent alleged that petitioner was married as of December 31, 1980, and, accordingly, recalculated petitioner's tax liability based on the tax rates for married individuals filing separate returns, resulting in increases in the amounts of deficiency and additions to tax for 1980. In his notice of deficiency for 1981, respondent determined that petitioner had received income during that year of $24,005 and further determined additions to tax under sections 6651(a)(1), 6653(a)(1), 6653(a)(2), and 6654(a). OPINION As a preliminary matter, we note that the determinations made by respondent in his notice of deficiency are presumed correct and petitioner has the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). With respect to the increased deficiency and additions to tax raised in the Amendment to Answer, however, respondent has the burden of proof.Rule 142(a). The first issue is whether petitioner is liable for income tax on the wages received by him during 1980 and 1981 as an employee of the New York City Transit Authority. In the Forms 1040 filed with respondent for those years petitioner contends *384 that he has taken a vow of poverty and is therefore exempt from Federal income tax. Except as otherwise provided by law, gross income includes all income from whatever source derived. Sec. 61. Section 61(a) specifically includes compensation for services as an income item. Income earned by an individual on his own behalf is taxable to that individual, regardless of an alleged vow of poverty made by the individual. McGahen v. Commissioner,76 T.C. 468 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983). The record in this case shows that the wages paid to petitioner were for petitioner's services as a tower operator for the Transit Authority. The wages received by petitioner were not received on behalf of a separate and distinct principal, but were received by petitioner in his individual capacity. Accordingly, we find that petitioner is not exempt from Federal income tax. At trial petitioner argued that the wages received were in equal exchange for his labor and, therefore, he had no income. This argument has been considered and rejected by this and other courts ( Eisner v. Macomber,252 U.S. 189 (1920); Abrams v. Commissioner,82 T.C. 403 (1984), *385 and cases cited therein; Rowlee v. Commissioner,80 T.C. 1111 (1983)), and must be considered meritless. Gross income includes income realized in any form, whether in money, property, or services. Sec. 61(a); Sec. 1.61-1(a), Income Tax Regs. Income includes "gain derived from capital, labor, or from both combined". Eisner v. Macomber,supra at 207. Thus, the compensation received by petitioner in the form of wages is taxable as income. Abrams v. Commissioner,supra at 407. Accordingly, we sustain respondent's determination that petitioner's wages in the years at issue constitute taxable income. The next issue is whether petitioner's tax liability for 1980 should be computed using the rates applicable to individuals who are married filing separately. Respondent has the burden of proof as to this issue. Rule 142(a). Petitioner did not indicate any filing status on the Form 1040 filed with respondent for 1980. Petitioner and his spouse did not elect to file a joint return for 1980. Furthermore, as discussed in this opinion, petitioner failed to file any tax return for that year. Petitioner admitted at trial that he *386 was married throughout 1980. Based on these facts, the only filing status available to petitioner for his 1980 taxable year is married filing separately. Thompson v. Commissioner,78 T.C. 558 (1982). [3]
The next issue is whether petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a)(1), 6653(a)(2), and 6654(a). Section 6651(a)(1) imposes an addition to tax for failure to file a timely return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. In order to constitute a return, a document need not be perfectly accurate or complete as long as it is sworn to as such, and evinces an honest and genuine endeavor to satisfy the requirements for a return. Jarvis v. Commissioner,78 T.C. 646 (1982), and cases cited therein; Reiff v. Commissioner,77 T.C. 1169, 1177 (1981); United States v. Moore,627 F.2d 830, 834-835 (7th Cir. 1980). *387 Further, it must contain sufficient information from which respondent can compute and assess the tax liability of a particular taxpayer. Reiff v. Commissioner,supra, and cases cited therein. A Form 1040 which fails to contain this data does not constitute a "return." Thompson v. Commissioner,supra at 561-562; United States v. Porth,426 F.2d 519 (10th Cir. 1970). The Forms 1040 submitted to respondent for 1980 and 1981 disclose virtually no information with respect to petitioner's income and supply no information with respect to the computation of petitioner's tax liability. Accordingly, we find that these Forms 1040 do not contain sufficient information from which petitioner's income tax liability for 1980 and 1981 can be computed, and they do not represent an honest and reasonable attempt to satisfy the requirements of the tax law. Therefore, we conclude that such Forms 1040 do not constitute "returns". Petitioner introduced no evidence to show reasonable cause for his failure to file proper returns for the years here in issue. Accordingly, we sustain respondent's determinations with respect to the additions to tax *388 for 1980 and 1981, under section 6651(a)(1) for failure to file timely returns. Hatfield v. Commissioner,68 T.C. 895, 898 (1977). Section 6653(a)(1) provides for an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) provides for an addition to tax in an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of underpayment that is attributable to negligence or intentional disregard of rules and regulations and for the period beginning on the last date prescribed by law for payment. For the tax years prior to 1980, petitioner demonstrated knowledge of his duty to file a return and of the proper reporting of income. As discussed herein, petitioner failed to file a return for 1980 and for 1981. It is clear from the record that petitioner's underpayment was attributable to "negligence or intentional disregard of rules and regulations." McGahen v. Commissioner,supra at 484. Petitioner, who bears the burden of proving that his underpayment was not due to negligence or intentional disregard of rules and regulations *389 (Rule 142(a); Bixby v. Commissioner,58 T.C. 757 (1972)), introduced no evidence on this issue. Accordingly, we sustain respondent's determination with respect to the additions to tax under section 6653(a)(1). We also conclude, for purposes of the addition to tax under section 6653(a)(2), that all of petitioner's underpayment for 1981 was attributable to negligence or intentional disregard of rules and regulations. Section 6654 imposes an addition to tax for underpayment of estimated tax. Where there has been a failure to pay or an underpayment of estimated tax, this addition is mandatory and no inquiry is made as to reasonable cause or lack of willful neglect. Bagur v. Commissioner,66 T.C. 817, 824 (1976). Petitioner introduced no evidence indicating that respondent erred in determining that an addition to tax should be imposed under this section. Accordingly, we sustain respondent's determination. Habersham-Bey v. Commissioner,78 T.C. 304, 319-320 (1982). Finally, we must consider whether petitioner is liable for damages pursuant to section 6673. Section 6673 provides that the Court may award damages to the United States *390 of up to $5,000 whenever it appears that the proceedings have been instituted or maintained primarily for delay or that the taxpayer's position is frivolous or groundless. The arguments presented by petitioner in this case have been rejected by the courts repeatedly. Thus, we conclude that petitioner's position is frivolous or groundless and that these proceedings were instituted or maintained primarily for delay. Abrams v. Commissioner,82 T.C. 403, 408-413 (1984). We therefore award damages to the United States in the amount of $3,000 in docket No. 3575-82 and $5,000 in docket No. 13962-84. To reflect the foregoing, Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The increases in the additions to tax are due to the increased deficiency amount.↩
3. Where, however, no return has been filed prior to a return on which joint return status is claimed, the limitations of section 6013(b)(2) are inapplicable. Phillips v. Commissioner,↩ 86 T.C.     (filed Mar. 24, 1986).