T.C. Memo. 2007-259

UNITED STATES TAX COURT

GLENDA M. WIPPERFURTH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8834-04.                    Filed August 29, 2007.

Glenda M. Wipperfurth, pro se.

<u>Mark J. Miller</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>: Respondent determined the following
deficiencies in, and additions to, petitioner's Federal income
taxes:

| Year | Deficiency | Addition to Tax Under Sec. 6651(a)(1) |
|------|------------|--------------------------------------|
| 2001 | $1,759 | $399.75 |
| 2002 | 1,511 | 369.50 |

Unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

We must decide the following issues: (1) Whether petitioner had unreported income in 2001 and 2002, as determined by respondent; (2) whether petitioner is liable for additions to tax under section 6651(a)(1) for those years; and (3) whether petitioner is liable for a penalty under section 6673(a)(1).

FINDINGS OF FACT

Certain matters were deemed stipulated for purposes of this case pursuant to Rule 91(f). At the time the petition was filed, petitioner resided in Wisconsin.

During 2001 and 2002, petitioner worked at a casino operated by the Oneida Tribe of Wisconsin and received amounts treated as wages by the Oneida Tribe of $20,317 and $17,259 in 2001 and 2002, respectively. The Oneida Tribe of Wisconsin issued to petitioner Forms W-2, Wage and Tax Statement, reporting the foregoing amounts as wages in the respective years. In 2001, petitioner received interest of $10 and a dividend of $90 from the AAL Member Credit Union. In 2002, petitioner received a

payment of $1,734 on account of disability from Metlife Agent.

Respondent's records do not reflect the filing of Federal income tax returns for 2001 and 2002 by petitioner.

Respondent determined that petitioner had unreported income in the aforementioned amounts for 2001 and 2002, as well as additions to tax under section 6651(a)(1) for failing to file returns for each of those years.

OPINION

Unreported Income

Petitioner's admissions at trial, the deemed stipulations, and/or respondent's evidence establish that petitioner received the income determined by respondent in 2001 and 2002, as outlined in our findings of fact. Her arguments that this income was not taxable are frivolous tax protester arguments that we need not "refute * * * with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam). Accordingly, the deficiencies determined by respondent are sustained.

Section 6651(a)(1) Additions to Tax

Under section 7491(c), respondent has the burden of production with respect to petitioner's liability for the section 6651(a)(1) additions to tax. In order to meet that burden, respondent must offer sufficient evidence to indicate that it is

appropriate to impose the relevant penalty.  <u>Higbee v.</u>
<u>Commissioner</u>, 116 T.C. 438, 446 (2001).  Once the Commissioner
meets his burden of production, the taxpayer bears the burden of
proving error in the determination, including evidence of
reasonable cause or other exculpatory factors.  <u>Id.</u> at 446-447.

Section 6651(a)(1) provides for an addition to tax for a
taxpayer's failure to file a required return on or before the due
date, including extensions.  Respondent introduced certified
transcripts of account which show no record of Federal income tax
returns filed by petitioner for 2001 and 2002, as well as copies
of Forms W-2 reporting petitioner's wage income from the Oneida
Tribe of Wisconsin and certified copies of payroll records
documenting petitioner's employment and compensation at the
Oneida Tribe casino in the relevant years.  This income obligated
petitioner to file Federal income tax returns in each year.  See
sec. 6012.  Accordingly, we conclude that respondent met his
burden of production under section 7491(c).

Petitioner contends that she filed returns for 2001 and 2002
and offered into evidence what she claimed were copies of the
returns filed.  Even if we accepted petitioner's somewhat dubious
claim of having filed these documents with the intent that they
be accepted as returns,[1] neither would qualify as such.  The

---

[1] The first page of each purported return is a Form 4868,
Application for Automatic Extension of Time To File U.S.
(continued...)

purported return for 2001 is unsigned, and the purported return for 2002 contains only zeros in the entries for income. Neither constitutes a return for purposes of section 6651(a)(1). See United States v. Moore, 627 F.2d 830, 835 (7th Cir. 1980); Cabirac v. Commissioner, 120 T.C. 163, 168-170 (2003); Thompson v. Commissioner, 78 T.C. 558, 562-563 (1982); Vaira v. Commissioner, 52 T.C. 986, 1004-1005 (1969), revd. on other grounds 444 F.2d 770 (3d Cir. 1971).

We conclude that petitioner did not file returns in 2001 or 2002 for purposes of section 6651(a)(1). As petitioner has produced no evidence that she had reasonable cause for her failure to file, we sustain respondent's determination that petitioner is liable for additions to tax under section 6651(a)(1) for 2001 and 2002.

Section 6673 Penalty

Respondent has moved for a penalty under section 6673(a)(1). Whenever it appears to the Court that proceedings have been instituted or maintained primarily for delay or the taxpayer's position in such proceedings is frivolous or groundless, the Court may require the taxpayer to pay a penalty not in excess of $25,000. Sec. 6673(a)(1).

---

[1](...continued)
Individual Income Tax Return, followed by a partially filled out Form 1040, U.S. Individual Income Tax Return. Thus, on its face each document appears to be a request for an extension rather than a return.

The instant case falls squarely into this category. Petitioner presented no evidence in support of her position. Instead, she advanced numerous frivolous tax protester arguments. Petitioner was warned by the Court, in a pretrial order, that the arguments she had been advancing were frivolous or groundless and could cause her to be subject to penalties under section 6673. Nevertheless, petitioner continued to advance such arguments.

At trial, petitioner filed a frivolous "Motion to Dismiss for Lack of Subject Matter Jurisdiction". This motion was essentially identical to a motion filed by her in a previous case in this Court, at docket No. 11488-03, which was found frivolous by the Court in that proceeding. Respondent also moved for a section 6673 penalty in the case at docket No. 11488-03, although the Court elected not to impose any penalty. Petitioner's persistence in filing the same motion in the instant case evidenced bad faith. In addition, petitioner issued a subpoena to one of respondent's agents, who had no connection with the years at issue in this case, which made it necessary for respondent to prepare a motion to quash. The Court quashed the subpoena as frivolous. Finally, petitioner unreasonably refused to stipulate matters not fairly in dispute, in violation of Rule 91.

Considered together, petitioner's actions constitute a significant waste of the time and resources of this Court and of

respondent.  Petitioner has persisted in this course of conduct in a manner which evidences bad faith.  It is clear that mere warnings have had no impact in deterring her.  Consequently, the Court will exercise its discretion to impose a penalty pursuant to section 6673(a)(1) that is designed to be significant in light of petitioner's apparent financial circumstances.  We shall impose a penalty of $2,500.

To reflect the foregoing,

An appropriate order and decision will be entered.