KENNETH L. PHILLIPS, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29091-83.          Filed March 24, 1986.

434

*Jeffrey L. Gould,* for the petitioner.
*Kristine A. Roth,* for the respondent.

OPINION

WILLIAMS, *Judge:* \* The Commissioner determined deficiencies in petitioner's Federal income tax and additions to tax as follows:

| Calendar | Income tax year deficiency | Sec. 6651(a)(1) | Sec. 6653(a) |
|---|---|---|---|
| 1979 | $7,539 | $1,884.75 | $376.95 |
| 1980 | 5,579 | 1,394.75 | 278.00 |
| 1981 | 585 | 146.25 | 29.25 |

After concessions by the parties, the sole issue for the Court to decide is whether section 6013(b)[1] applies to bar

---

\*By order of the Chief Judge, this case was reassigned to Judge Williams for decision and opinion.

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the years at issue. Sec. 6013 provides in pertinent part:

SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE.

(a) JOINT RETURNS—A husband and wife may make a single return jointly of income taxes under subtitle A, even though one of the spouses has neither gross income nor deductions, except as provided below:

(1) no joint return shall be made if either the husband or wife at any time during the taxable year is a nonresident alien;

\*    \*    \*    \*    \*    \*    \*

(b) JOINT RETURN AFTER FILING SEPARATE RETURN.— .

(1) IN GENERAL.—Except as provided in paragraph (2), if an individual has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse under subsection (a) and the time prescribed by law for filing the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year. \* \* \*

(2) LIMITATIONS FOR MAKING OF ELECTION.—The election provided for in paragraph (1) may not be made—

\*    \*    \*    \*    \*    \*    \*

(B) after the expiration of 3 years from the last date prescribed by law for filing the return for such taxable year (determined without regard to any extension of time granted to either spouse); or

(C) after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213; or

\*    \*    \*    \*    \*    \*    \*

petitioner from making a joint return for each year at issue. If petitioner's Federal income tax liability is assessed under joint return rates, petitioner would not be liable for any deficiency or addition to tax.

The parties have submitted this case with the facts fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. Kenneth L. Phillips, the petitioner, was a U.S. citizen and a resident of Aberdeen, Scotland, at the time of the filing of this petition.

Petitioner did not timely file Federal income tax returns for the years 1979, 1980, and 1981. The Commissioner's transcript of petitioner's account records the following: (1) For the year 1979, that the Commissioner filed a tax return on behalf of petitioner on November 10, 1982, which the Philadelphia Service Center processed on December 27, 1982, and that no tax was assessed; (2) for the year 1980, that the Commissioner filed a tax return on behalf of petitioner on November 18, 1982, which the Philadelphia Service Center processed on December 31, 1982, and that no tax was assessed; and (3) for the year 1981, that the Commissioner filed on petitioner's behalf a return on April 15, 1982, which the Philadelphia Service Center processed on December 13, 1982, and that no tax was assessed. The Commissioner's file contains a copy of a substitute for return prepared by the Commissioner for 1979 consisting of page 1 of a Form 1040 that shows only the petitioner's name, address, and social security number (the dummy return). Under the normal procedure for preparing such a return, no information would appear on page 2 of the Form 1040. The record does not have any other Forms 1040 prepared by the Commissioner.

On May 18, 1983, respondent issued a statutory notice of deficiency to petitioner for each year 1979, 1980, and 1981. On October 12, 1983, petitioner timely filed his petition with this Court. On the same date, petitioner filed Federal income tax returns for the years 1979, 1980, and 1981 (the returns) which were not processed by respondent. Petitioner's taxable income for 1979, 1980, and 1981 was, respec-

tively, $25,307, $61,892, and $30,653. Foreign tax credits are available to petitioner for the years 1980 and 1981 in the amount of $21,221 and $9,491, respectively.

Petitioner was married to Sarah Phillips, a nonresident alien, as of the close of each of the taxable years at issue. Petitioner and Sarah elected on the returns to treat Sarah as a resident of the United States pursuant to the terms of section 6013(g).[2] The couple also elected "married filing joint return" status on each of the returns.

Respondent contends that the dummy returns prepared for petitioner are "separate returns" within the meaning of section 6013(b)(1) and that, consequently, the provisions of either section 6013(b)(2)(B) or section 6013(b)(2)(C) apply to bar petitioner from making a joint return.

Petitioner argues that no returns have been filed by respondent on his behalf and that respondent cannot prohibit him from making a joint return. Petitioner contends that section 6013(a) on its face permits him to make a joint return unless the limitations of section 6013(b)(2) apply. Since in petitioner's view no return had been filed until he made his joint returns on October 12, 1983, he argues that the limitations of section 6013(b)(2) are not applicable.

We must, therefore, first determine whether the dummy returns prepared by respondent are "returns" for purposes of section 6013. The Commissioner is authorized by section

---

[2]Sec. 6013(g) provides in pertinent part:

SEC. 6013(g). ELECTION TO TREAT NONRESIDENT ALIEN INDIVIDUAL AS RESIDENT OF THE UNITED STATES.—

(1) IN GENERAL.—A nonresident alien individual with respect to whom this subsection is in effect for the taxable year shall be treated as a resident of the United States—

(A) for purposes of chapters 1 and 5 for all of such taxable year, and

(B) for purposes of chapter 24 (relating to wage withholding) for payments of wages made during such taxable year.

(2) INDIVIDUALS WITH RESPECT TO WHOM THIS SUBSECTION IS IN EFFECT.—This subsection shall be in effect with respect to any individual who, at the close of the taxable year for which an election under this subsection was made, was a nonresident alien individual married to a citizen or resident of the United States, if both of them made such election to have the benefits of this subsection apply to them.

(3) DURATION OF ELECTION.—An election under this subsection shall apply to the taxable year for which made and to all subsequent taxable years until terminated under paragraph (4) or (5); except that any such election shall not apply for any taxable year if neither spouse is a citizen or resident of the United States at any time during such year.

6020(b)[3] to prepare a return on behalf of any taxpayer who fails to file a return. Section 6020(b) provides that such a return is "prima facie good and sufficient for all legal purposes."

In the present case respondent has presented a certified transcript of account as evidence that returns for petitioner were filed by respondent. This transcript of account lists document locator numbers (DLN) purporting to identify the substitute returns prepared by respondent for petitioners for the years 1979, 1980, and 1981. The DLN code identifies the filing location, type of tax and document involved and the date the document was processed, among other things. The transcript of account states that Federal income tax Forms 1040 were filed as petitioner's returns by respondent at the Philadelphia Service Center for each of the years 1979, 1980, and 1981. These returns were processed, according to the transcript of account, on December 27, 1982, December 31, 1982, and December 13, 1982, respectively. None of the returns is in the record. Respondent nevertheless insists that this Court should find that the returns were filed on the basis of the transcript of account.

We are unable to conclude that respondent made returns pursuant to section 6020(b). The most reasonable inference from the record is that the forms that the transcript of account recorded as filed on petitioner's behalf were no more than dummy returns that, like the 1979 dummy return, consisted of one-page Forms 1040 that showed petitioner's name, address, and social security number and which were otherwise blank.[4] We cannot accord the status of a "return" to a form filed simply to facilitate respon-

---

[3]Sec. 6020(b) provides:

SEC. 6020(b). EXECUTION OF RETURN BY SECRETARY.— at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

(1) AUTHORITY OF SECRETARY TO EXECUTE RETURN.—If any person fails to make any return (other than a declaration of estimated tax required under section 6015) required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) STATUS OF RETURNS.—Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

[4]Respondent was unable to locate or retrieve any of the Forms 1040 prepared by him other than the 1979 dummy return.

dent's processing procedures.[5] See secs. 301.6020-1(b)(1) and 301.6020-1(b)(2), Proced. & Admin. Regs.

Next, we must resolve whether a valid election under section 6013(g) was made to allow petitioner's wife, a nonresident alien, to be treated as a resident of the United States, which is a prerequisite to the filing of a joint return. The applicable regulations require that a statement be attached to the joint return declaring that the election under section 6013(g) is being made, stating the names and addresses of each taxpayer, and bearing the signature of each. Sec. 1.6013-6(a)(4), Income Tax Regs. In the present case, a typed statement is attached to petitioner's 1979 return declaring that the election is being made. A hand-written statement on the first page of Form 1040 of the return on which the relevant taxpayer identification and signatures are found, repeats this declaration. The face of the return shows petitioner's correct social security number and the correct address of petitioner and his wife. Both petitioner and his wife signed the return. This election substantially complies with respondent's regulation and, we believe, satisfies the requirements of the statute. The facts of the case and the intent of the taxpayers determine whether a valid joint return has been filed. See *Heim v. Commissioner*, 27 T.C. 270, 273 (1956), affd. 251 F.2d 44 (8th Cir. 1958) (returns signed only by the husband valid as joint return given the intent of taxpayers to file as such). The statement attached to the return and repeated on the return's first page establishes the intent of petitioner and his wife to file a joint return and is a good-faith attempt to comply with the form required by the regulations. The return provides respondent with all of the information required by his regulations. We therefore hold that the taxpayers here have satisfied the election requirements of section 6013(g).

Having decided that no returns were filed for 1979, 1980, or 1981 prior to October 12, 1983, when petitioner filed his returns for those years and that petitioner and his wife made a valid election pursuant to section 6013(g) to have

[5]Furthermore, according to the transcript of account, the Commissioner filed a return for the taxable year 1981 on Apr. 15, 1982,—the due date of the return—which he is not authorized to do by sec. 6020(b) under any circumstances since one cannot be said to have failed to file a return prior to the expiration of the period for filing.

his wife treated as a resident of the United States, we must determine whether section 6013(b) bars petitioner from making a joint return with his wife for any of those years. With exceptions not pertinent, section 6013(a) permits a husband and wife to "make a single return jointly of income taxes." This language is unambiguous. When a husband and wife make their Federal income tax returns, they may make one return jointly. Petitioner and his wife made a single income tax return jointly. Respondent, however, points to section 6013(b) and our opinion in *Durovic v. Commissioner*, 54 T.C. 1364 (1970), affd. on this issue 487 F.2d 36 (7th Cir. 1973), for support of his position that, despite the absence of any prior filing, petitioner is barred from making a joint return after respondent sends a notice of deficiency. Sec. 6013(b)(2)(C).

Two years after we decided *Durovic*, respondent announced in Revenue Ruling 72-539, 1972-2 C.B. 634, that the limitations of section 6013(b)(2) are restricted to occasions when taxpayers seek to file joint returns after previously filing separate returns. The ruling states as follows:

> This limitation in section 6013(b)(2) of the Code deals specifically with an election to file a joint return after the filing of separate returns. The statute is silent concerning joint returns where no separate returns have been filed for the same taxable year. Therefore, even though the election to change from a separate return to a joint return is barred after the expiration of 3 years from the last date prescribed for filing a return, this does not preclude an election to file a joint return for the first time. [Rev. Rul. 72-539, 1972-2 C.B. 634, 635.]

In this ruling, respondent permitted a husband and wife who had failed to file income tax returns to file joint returns, despite the running of the 3-year period of limitation for electing to change from separate-return to joint-return status of section 6013(b)(2)(B).

In Revenue Ruling 83-183, 1983-2 C.B. 221, respondent, while distinguishing Revenue Ruling 72-539,[6] reiterated that "taxpayers who have filed *no* returns may elect to file a joint return after the expiration of the 3 year period in section 6013(b)(2)(B)" (emphasis in original). Respondent

---

[6]There is conspicuously absent from respondent's briefs any mention of these two rulings or how respondent reconciles his litigating position with his technical position.

announced in Revenue Ruling 83-183 that he would not follow *Glaze v. United States*, 641 F.2d 339 (5th Cir. 1981). In *Glaze* the Fifth Circuit held that the limitations of section 6013(b)(2) applied only where a taxpayer had previously filed a return on which he claimed "married filing separate" status. While we believe that that reading of section 6013(b) is too narrow, we are nevertheless mindful of the Fifth Circuit's view that the continued vitality of *Durovic* is questionable. 641 F.2d at 344.

There is no principled distinction between the circumstances of the taxpayers in Revenue Ruling 72-539 and in petitioner's case. While petitioner filed his returns subsequent to respondent's issuance of the statutory notice of deficiency, the limitation of subparagraph (C) of section 6013(b)(2) operates on the same predicate as the limitation of subparagraph (B) which was the subject of the ruling, i.e., whether a return has been filed previously. Where, as here, no return was filed prior to the return on which joint return status is claimed, the limitations of paragraph 2 of subsection (b) of section 6013 are inapplicable. The legislative history of the provision supports this reading of the statute.

The legislative history of the joint return provisions of the Internal Revenue Code of 1954 (the Code) dates back to the Revenue Act of 1918, Pub. L. 65-254, sec. 223, 40 Stat. 1057, 1074, under which a married couple living together was permitted to file a joint return. In making a minor clarifying change to the statutory language in the Revenue Act of 1921, Congress reaffirmed "the right of husband and wife in all cases to make a joint return and have the tax computed on the combined income." H. Rept. 350, 67th Cong., 1st Sess. 13 (1921). The Congress intended the statute to apply to all who qualified. Nowhere in the legislative history of section 6013 is it suggested that the right to make a joint return where none has been previously filed is severed by the application of what is now section 6013(b)(2).

Until 1951, a taxpayer's selection of filing status was irrevocable. Whatever status a taxpayer chose in making his initial return could not be changed. Congress was concerned that ordinary taxpayers lacked sufficient familiar-

ity with the tax laws to make a knowledgeable choice and risked paying excessive taxes as a result of choosing an inappropriate filing status. See S. Rept. 781, 82d Cong., 1st Sess. 48 (1951). Consequently, section 51(g) of the Internal Revenue Code of 1939 (the predecessor to section 6013(b)) was enacted to permit taxpayers a limited opportunity to file joint returns after having filed separate returns. The opportunity to change one's filing status was circumscribed by, among other things, the issuance of a statutory notice of deficiency. The legislative history, like the face of the statute, nowhere implies that these limitations were intended to apply beyond the scope of limiting taxpayers' opportunity to *change* their filing status from that claimed on an initial return.

We do not lightly overrule one of our prior decisions, particularly where the rule we are overruling has been upheld on appeal. The wisdom of acknowledging error in this case, however, is apparent from (1) the Commissioner's own disavowal of the rule, (2) the intent of Congress as expressed in the legislative history of section 6013, and (3) a plain reading of the statute. We, therefore, overrule the holding of *Durovic v. Commissioner, supra*, that the limitations imposed by section 6013(b)(2) apply where a taxpayer claims joint filing status on an initial, but untimely, joint return.[7] The clear language of the statute and its legislative history establish that section 6013(b) applies only where a taxpayer seeks to change his filing status after having previously filed a return.

*Decision will be entered for the petitioner.*

Reviewed by the Court.

STERRETT, GOFFE, CHABOT, KORNER, SHIELDS, HAMBLEN, COHEN, CLAPP, SWIFT, JACOBS, and WRIGHT, *JJ.*, agree with the majority opinion.

WILBUR, NIMS, and GERBER, *JJ.*, did not participate in the consideration of this case.

---

[7]We are not faced with a situation where the taxpayer has filed no return as of the date the case is submitted for decision. In such a case, no returns would be in the record, and, therefore, no joint filing status could be claimed. See, e.g., *Thompson v. Commissioner*, 78 T.C. 558 (1982); *Howell v. Commissioner*, T.C. Memo. 1981-631; *Boyle v. Commissioner*, T.C. Memo. 1975-307; contra, *Tucker v. United States*, 8 Cl. Ct. 575 (1985).

SIMPSON, *J.*, concurring: I agree with the conclusion of the majority, but I have somewhat different reasons for reaching that conclusion.

In my view, there were reasonable grounds for our holding in *Durovic v. Commissioner*, 54 T.C. 1364 (1970), affd. on this issue 487 F.2d 36 (7th Cir. 1973). Admittedly, the statute does not expressly deal with the situation where no returns have been filed previously. However, in *Durovic*, we were convinced that the taxpayers who had not originally filed returns should be in no preferred position because of their failure to file, and we were concerned about the administrative problems that might occur if taxpayers were allowed to file a joint return after the issuance of the notice of deficiency. *Durovic v. Commissioner*, 54 T.C. at 1402. Moreover, our conclusion was reviewed and approved by the Seventh Circuit. *Durovic v. Commissioner*, 487 F.2d at 41-42.

Where we have a reasonable decision that has been followed by this Court for a number of years and that has been approved by a Circuit Court, I would not lightly change our position. However, the Commissioner has chosen not to follow and apply our decision (Rev. Rul. 72-539, 1972-2 C.B. 634; see Rev. Rul. 83-183, 1983-2 C.B. 220), and his failure to do so may result in a capricious application of the law. We assume that, ordinarily, the agents of the Commissioner would accept and file a joint return in the circumstances of this case. It would be unfortunate to deny the taxpayers an opportunity to do so simply because the agents and counsel who represented the Commissioner in this case chose not to follow his rule. Consequently, because of the Commissioner's failure to apply our holding in *Durovic*, and solely for that reason, I agree that we should no longer follow that holding.

STERRETT, GOFFE, and PARKER, *JJ.*, agree with this concurring opinion.

---

PARR, *J.*, concurring: I agree that section 6013(b) does not apply to bar petitioner from making a joint return for each year at issue. However, I do not think it necessary to reach

the issue of whether unsigned dummy returns are "returns" under section 6020(b), in order to reach this result.

The dummy returns previously filed in this case were clearly not returns filed by an *individual* as required by the unambiguous language of section 6013(b)(1):

IN GENERAL.—Except as provided in paragraph (2), if *an individual* has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse under subsection (a) and the time prescribed by law for filing the return for such taxable year has expired, *such individual and his spouse* may nevertheless make a joint return for such taxable year. * * * [Emphasis supplied.]

The dummy returns were filed by respondent, not by an individual taxpayer.[1]

Since no individual has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse prior to October 12, 1983, when petitioner and his wife filed joint returns, section 6013(b) and its limitations do not apply.

WHITAKER, *J.*, agrees with this concurring opinion.

---

[1]Neither were these returns prepared by respondent with petitioner's consent and signed by him, as provided in sec. 6020(a).