BONNIE SCHROEDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; SHANNON SCHROEDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schroeder v. Commissioner
Docket Nos. 9485-85, 9668-85.
United States Tax Court
T.C. Memo 1986-337; 1986 Tax Ct. Memo LEXIS 261; 52 T.C.M. (CCH) 5; T.C.M. (RIA) 86337; August 4, 1986. Richard E. Gee, for the petitioners. Albert B. Kerkhove, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes for the years 1977 through 1982 as follows: Additions to Tax
Sec. 6651
Sec. 6653
Docket
Year
Deficiency
(a) [1]
(a) [2]
Sec 6653(a)(2)
Sec. 6654
9485-85
1977
$4,609
$1,152
$230
$164
1978
571
143
29
19
1979
2,048
512
102
85
1980
607
152
30
40
1981
300
72
15
* 20
1982
280
70
14
**
28
*263 Additions to Tax
Sec. 6651
Sec. 6653
Docket
Year
Deficiency
(a) [1]
(a) [2]
Sec 6653(a)(2)
Sec. 6654
9668-85
1977
$4,609
$1,152
$230
$164
1978
2,250
563
113
72
1979
6,804
1,701
340
283
1980
4,471
1,118
224
284
1981
1,928
482
96
*
150
1982
4,785
1,178
239
**
456
After concessions, the issues for determination are (1) whether petitioners filed timely joint Federal income tax returns for the years in issue, (2) whether petitioners are entitled to deductions in excess of those allowed by respondent, and (3) whether petitioners are liable for the additions to tax determined by respondent. FINDINGS OF FACT Some of the facts have been stipulated, and the facts set forth *264 in the stipulation are incorporated in our findings by this reference. Petitioners were residents of Grand Island, Nebraska, at the time they filed their petitions. During the years in issue, petitioners (Mr. Schroeder and Mrs. Schroeder, or H and W) had the following sources and amounts of gross income: 1977
1978
1979
1980
1981
1982
Self-Employment: (H)
$11,482.23
$2,363.81
$5,818.36
$12,109.65
$444.82
Wages:
(H)
5,500.00
8,546.16
8,619.64
$18,851.76
(W)
365.97
1,256.21
Rents:
(H)
100.00
440.00
375.00
(W)
100.00
440.00
375.00
Long-Term Capital Gain: (H)
1,919.50
(W)
1,919.50
Interest:
(H)
13.50
(W)
13.50
Mr. Schroeder's self-employment income during 1977 through 1981 was derived primarily from sales of cookware. On or after May 16, 1981, petitioners submitted to the Internal Revenue Service a Form 1041, U.S. Fiduciary Income Tax Return, for the year 1979 in the name of "Shannon E. Schroeder Family Trust." On or after April 15, 1982, petitioners submitted to the Internal Revenue Service a Form 1041 for the year 1981 in the name of *265 the "Shannon E. Schroeder Family Trust." The words "under penalties of perjury" were deleted from both Forms 1041 before they were submitted to the Internal Revenue Service. During 1982, petitioners submitted to the Internal Revenue Service a Form 1040, U.S. Individual Income Tax Return, on which they set forth some, but not all, of their income for 1981. The words "under penalties of perjury" were deleted from the form submitted by petitioners. On March 17, 1986, petitioners submitted to respondent purported copies of Forms 1040 that petitioners claimed to have filed for 1977, 1978, 1979, 1980, and 1982. Internal Revenue Service records do not reflect any individual return forms filed by petitioners for the years in issue other than the 1981 Form 1040 described above. The words "under penalties of perjury" were deleted from the copies submitted for 1977, 1980, and 1982.The copies for all years other than 1978 reported no tax due. The copy submitted for 1978 showed a refund due of $281.54. During the years in issue, petitioners incurred deductible business expenses and rental expenses. To the extent that those expenses have been adequately substantiated, they have been allowed *266 by respondent. Respondent disallowed other amounts incurred, primarily for auto expense and groceries; but the business purpose of those payments has not been substantiated by adequate records or other satisfactory evidence. Petitioners did not keep adequate records of their business activities during the years in issue. ULTIMATE FINDINGS OF FACT Petitioners did not file valid income tax returns for any of the years in issue, and their failure to do so was not due to reasonable cause. Petitioners are not entitled to deductions beyond those allowed by respondent. Underpayments of tax by petitioners for each of the years 1977 through 1982 are due to negligence or intentional disregard of rules and regulations. Petitioners are not eligible for any exception to the additions to tax for underpayment of estimated tax. OPINION Petitioners have the burden of proving that respondent's determinations are erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners have presented only their own uncorroborated testimony. For a variety of reasons, that testimony is insufficient to sustain their burden *267 of proof. Petitioners presented to the Court copies of Forms 1040 purportedly filed for each of the years in issue, and Mr. Schroeder testified that each form was filed on or about the due date of a return for the years indicated on it. The forms for the years 1977, 1980, 1981, and 1982, however, had the words "under penalties of perjury" deleted from the form. Those forms were not, therefore, valid income tax returns even if they had been filed timely. Sections 6001, 6011(a), 6061, and 6065; United States v. Moore,627 F.2d 830, 834 (7th Cir. 1980); Cupp v. Commissioner,65 T.C. 68, 78-79 (1975), affd. in an unpub. opinion 559 F.2d 1207 (3d Cir. 1977). Moreover, petitioners have not proven that they filed with respondent the Forms 1040 for the years other than 1981. The absence of any indication of filing in respondent's records is not conclusive. See, e.g., Jones v. United States,226 F.2d 24 (9th Cir. 1955). It is unlikely, however, that petitioners' returns for 5 different years were lost by the Internal Revenue Service. The form supposedly filed by petitioners for 1978 showed a refund due.Petitioners have *268 not presented any evidence that they received the refund or followed up on their claim when they failed to receive the refund. The other forms reported no tax owing, so there is no record of any payments by petitioners to support the testimony of Mr. Schroeder that he timely mailed the returns. Furthermore, the submission of copies of purported Forms 1040 to respondent on March 17, 1986, does not constitute, nor do petitioners argue that it constitutes, the filing of valid Forms 1040. Persuasive evidence of lack of credibility concerns petitioners' 1979 form. According to Mr. Schroeder's direct testimony, the return would have been mailed on or about April 15, 1980. The Form 1041 for 1979, however, filed for the Shannon E. Schroeder Family Trust, was apparently signed by Mr. Schroeder on May 16, 1981. Although this discrepancy was brought to the attention of petitioners during the trial, they have offered no explanation for it. When he was asked by the Court whether the 1979 Form 1040 was prepared at the same time as the 1979 Form 1041, Mr. Schroeder replied: "I do not know, Your Honor. I don't recall if it was or not." In their brief, petitioners state: The problem with *269 1979 is that the returns were filed on May 16 rather than April 15. After trial Petitioners advised me [apparently their counsel] that they had requested and received an extension of time to file. Neither the Service nor the taxpayer can find any supporting documentation. Petitioners testified that they moved and many of their records were lost in the move. The Form 1041, however, wad dated May 16, 1981, and was thus 1 year and 1 month late, not just 1 month late! Finally, Mr. Schroeder's testimony as to preparation and filing of tax returns was not corroborated.In their trial memorandum, dated February 24, 1986, petitioners stated: "Wm. Mertsching will testify regarding the preparation of petitioners' returns." Mertsching was not called as a witness at trial on March 20, 1986. Petitioners' counsel stated during trial that J. H. Schroeder was the person who prepared the returns. When he was called a witness, however, J. H. Schroeder had left the Courtroom. After a recess and an attempt to locate him, petitioners declined to call him as a witness. On the entire record, we conclude that petitioners did not file valid income tax returns for the years in issue. Accordingly, *270 petitioners may not now elect joint filing status. Thompson v. Commissioner,78 T.C. 558 (1982). Cf. Phillips v. Commissioner,86 T.C. 433, 441 n. 7 (1986). Petitioners' taxable income, therefore, must be calculated as that of married persons filing separately. Petitioners contend that Mr. Schroeder is entitled to additional deductions for expenses of his sales activities, notably mileage and groceries. They have failed, however, to point out any specific items to which they are entitled that have not previously been allowed by respondent and to substantiate the items. Auto expenses and groceries are normally nondeductible personal expenses. Section 262. Other disallowed items are alleged by petitioners to be away from home expenses, but they have not been substantiated in accordance with section 274. Some items claimed on the Forms 1040 tendered by petitioners are totally unexplained. Particularly in view of our doubts as to Mr. Schroeder's credibility, we are not satisfied with petitioners' general categorization of purpose and amount of the expenditures. No further allowances for expenses, therefore, can be made. Petitioners have not *271 established reasonable cause for their failure to file timely returns, and the additions to tax under section 6651(a) must be sustained. They have offered no explanation for their failure to report accurately their income and expenses for the years in issue, and they have not satisfied their burden of proving that respondent's determination of the additions to tax under section 6653(a) is erroneous. See Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). The additions to tax under section 6654 are mandatory absent exceptions not here applicable. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Decisions will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. ↩
2. Section 6653(a) was divided into two subparagraphs after 1981.↩
*. 50 percent of the interest due on $286. ↩
**. 50 percent of the interest due on $279.↩
*. 50 percent of the interest due on $1,928. ↩
**. 50 percent of the interest due on $4,713.↩