MARLYS E. SCHROEDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; J. H. SCHROEDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schroeder v. Commissioner
Docket Nos. 11242-84, 11243-84.
United States Tax Court
T.C. Memo 1986-467; 1986 Tax Ct. Memo LEXIS 136; 52 T.C.M. (CCH) 620; T.C.M. (RIA) 86467; September 23, 1986. J. H. Schroeder, pro se. Cynthia J. Olson, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined deficiencies and additions to petitioners' Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Sec. 6654
1978
$31,814
$7,954
$1,591
$1,016
1979
27,445
6,861
1,372
1,147
1980
5,618
1,405
281
358
After concessions, [2] the issues for determination are: (1) whether the statute of limitations on assessment for 1978 and 1979 expired prior to the issuance of respondent's notice of deficiency; (2) whether petitioners are entitled to joint return filing status for the taxable years in question; (3) whether petitioner received gross income from business and from rental properties in the amount determined by respondent for *139 the taxable years in question; (4) whether petitioner is entitled to additional deductions in excess of those deductions allowed by respondent for the taxable years in question; and (5) whether petitioner is liable for the additions to tax determined by respondent. *140 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts, first supplemental stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Littleton, Colorado, when they filed their petitions in this case. [3]
During 1978 through 1980, petitioner sold cookware through a sole proprietorship known as Loup Valley Cookware. During these years, petitioner also owned rental property from which he derived income. During the years 1978 through 1980, petitioner sold family trust packages on behalf of Educational Scientific Publishers which were merely ungainly attempts to evade taxes. On March 28, 1978, petitioner executed documents purportedly to create the J. H. Schroeder Family Trust and the Loup Valley *141 Cookware Trust. Petitioner submitted Forms 1041 for the J. H. Schroeder Family Trust and the Loup Valley Cookware Trust for the taxable year ending February 28, 1979. On the Forms 1041, petitioner intentionally deleted the declaration that the return was signed under penalty of perjury. [4] Pursuant to an Order of this Court issued on April 11, 1985, we have found that these trusts are not effective for Federal income tax purposes. Petitioners attempted to jointly file Forms 1040 for 1978 and 1979. [5] On the Forms 1040, petitioners showed no taxable income and, as on the Form 1041, petitioner erased or marked through the words "under penalty of perjury." Petitioners submitted Form 1040 for the taxable year 1978 on April 4, 1980. Form 1040 for the taxable year 1979 was submitted on June 28, 1983. *142 In his notice of deficiency dated January 26, 1984, respondent determined petitioners' income tax liability for the calendar year 1978 by an analysis of the figures shown on the invalid Forms 1041 filed for the J. H. Schroeder Family Trust and the Loup Valley Cookware Trust for the fiscal year ended February 28, 1979. Petitioner's tax liability for 1979 and 1980 was determined by an analysis of petitioners' bank accounts at First National Bank of Ord and Bank of Taylor. [6] Petitioner did not keep adequate records of his business activities during the taxable years in question. *143 OPINION In general, respondent must assess tax within three years after the filing of a return. Section 6501(a). However, in the case of failure to file a return, no statute of limitations exists and respondent may assess tax at any time. Section 6501(c)(3). Sec. 6061 states that: any return, statement, or other document required to be made under any provision of the Internal Revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary. More importantly, section 6065 provides that: Except as otherwise provided by the Secretary, any return, declaration, statement or other document required to be made under any provision of the internal revenue laws or regulation shall contain or be verified by a written declaration that is made under the penalties of perjury. [Emphasis supplied.] See also section 1.6065-1(a), Income Tax Regs.
The failure to sign forms in accordance with section 6065 is the equivalent of the failure to file returns required by other sections of the Internal Revenue Code. [7]United States v. Moore,627 F.2d 830, 834 (7th Cir. 1980); Beard v. Commissioner,82 T.C. 766, 777 (1984), *144 affd. 793 F.2d 139; Cupp v. Commissioner,65 T.C. 68, 78-79 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977). Petitioner contends that he filed Forms 1040 for the years 1978 through 1980 and Forms 1041 for the taxable years ended February 28, 1979, February 29, 1980, and February 28, 1981, for the J. H. Schroeder Family Trust and the Loup Valley Cookware Trust. On all Forms 1041 and Forms 1040, petitioner intentionally deleted the declaration that the return was signed under penalty of perjury. Under section 6065, petitioners have failed to file a return. Modification of printed forms, especially striking out the statement that the forms were signed under penalty of perjury, in validates otherwise valid returns and results in a failure to file. Under section 6501(c)(3), respondent's notice of deficiency dated January 26, 1984, was thus timely as to petitioners' taxable years 1978 and 1979. The statute of limitations is thus not a bar to any deficiency in this case. [8]
*145 Petitioner asserts that he is entitled to file joint returns for the taxable years in issue. As a result of petitioners' failure to timely file returns for the years 1978 through 1980, respondent computed their taxes for those years by applying rates applicable to married persons filing separately. On the entire record, we have previously found that petitioners did not file valid income tax returns for the years in issue. Accordingly, petitioners may not now elect joint filing status. Thompson v. Commissioner,78 T.C. 558 (1982). Cf. Phillips v. Commissioner,86 T.C. 433, 441 n. 7 (1986). Petitioner's taxable income, therefore, must be calculated as that of a married person filing separately. Respondent reconstructed petitioner's income tax liability for the year 1978 through the use of the figures shown on the Forms 1041 filed for the J. H. Schroeder Family Trust and the Loup Valley Cookware Trust. However, for the year 1979 petitioners' invalid Form 1040 contained virtually no reported income and no tax liability. Petitioner's copy of an invalid Form 1040 for the taxable year 1980 states no tax liability and showed a refund of $313.As a *146 result, respondent determined petitioner's income for the taxable years 1979 and 1980 through an analysis of bank accounts held by petitioner at First National Bank of Ord and Bank of Taylor. Respondent's determination of the deficiency is presumptively correct. Welch v. Helvering,290 U.S. 111, 115 (1933). In order to overcome this presumption, petitioner must offer evidence that shows the determination to be erroneous. Gersten v. Commissioner,267 F.2d 195, 199 (9th Cir. 1959), affg. in part 28 T.C. 756 (1957). Petitioner bears the burden of proof. Rule 142(a). We find that petitioner has failed to introduce any credible evidence to meet his burden of proof. Respondent's agents made diligent attempts to contact and communicate with petitioner in an effort to ascertain petitioner's correct tax liabilities for the years in issue. Petitioner, on the other hand, remained uncooperative throughout the audit phases of this case and engaged in tactics designed to delay and obstruct respondent's determination of his tax liabilities. As a result, respondent had no choice but to reconstruct petitioners' income based on the invalid Form *147 1041 and petitioner's bank accounts in Nebraska. A bank deposit is prima facie evidence of income and respondent need not prove a likely source of that income. Estate of Mason v. Commissioner,64 T.C. 651, 656-657 (1975), affd. 566 F.2d 2 (6th Cir. 1977); Tokarski v. Commissioner, 87 T.C.     (filed July 14, 1986). Petitioner argued that various deposit checks which respondent determined to be income were in fact repayment of loans to others. Through his lack of credibility and organzation, petitioner failed to establish that any specific items in respondent's determination which remain in issue before the court are in error. It is the duty of petitioner to organize his evidence to support his legal arguments and show respondent's deficiency to be in error. Petitioner has failed to perform this essential task. Moreover, we are not required to accept testimony at face value, and we may discount a witness' self-interested testimony. Archer v. Commissioner,227 F.2d 270 (5th Cir. 1955); Weiss v. Commissioner,221 F.2d 153 (8th Cir. 1955). At trial, petitioner's testimony was unctuous, equivocal or evasive, *148 and self-serving.Upon consideration of the whole record, petitioner has failed to meet his burden of proof as to respondent's deficiency for the taxable years 1978 through 1980. In addition to his lack of credibility and substantiation with respect to his unreported income for the taxable years in question, petitioner asserted that he was entitled to various and sundry deductions and credits. [9] Likewise, due to his inconsistent, confused testimony and his largely unsupported contentions, the facts overwhelmingly indicate that petitioner did not meet his burden of proof as to the claimed deductions and credits. Finally, respondent determined additions to tax under sections 6651(a)(1), 6653(a), and 6654 for the taxable years 1978 through 1980. The burden of proof is on petitioner to estabish that he is not liable for these additions to tax. Bixby v. Commissioner,58 T.C. 757, 791 (1972). First, section 6651(a)(1) imposes an addition to tax not *149 exceeding 25 percent in the aggregate in the case of failure to file returns, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner presented no evidence to meet his burden of proof. The addition to tax under 6651(a)(1) is sustained. See Cupp v. Commssioner,supra; Jarvis v. Commissioner,78 T.C. 646 ( 1982). Second, section 6653(a) provides for additions to tax if any part of the underpayment is due to negligence or an intentional disregard of rules or regulations. Under section 6653(a), negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Petitioner has failed to introduce any evidence to carry his burden of proof. Moreover, considering the evidence before us, we find that petitioner has intentionally disregarded rules and regulations of the Internal Revenue Code and has been engligent. The addition to tax under section 6653(a) is sustained. Third, respondent determined an addition to tax under section 6654(a) for underpayment of estimated tax. Once a deficiency *150 has been established, section 6654(a) is mandatory unless petitioner can bring himself within certain exceptions not here applicable. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Accordingly, the addition to tax under section 6654(a) is sustained. We have considered petitioner's other arguments and find them to be without merit. [10]
On the basis of the record, we hold that petitioner has failed to carry his burden of showing respondent's deficiency and additions to tax to be in error. Accordingly, we sustain respondent's determinations in light of the concessions made. To reflect the foregoing, Decision will be entered for petitioner in docket No. 11242-84.
Decision will be entered under Rule 155 in docket No. 11243-84.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. First, in his notice of deficiency, respondent determined that certain business, rental, and miscellaneous income earned by petitioners during the taxable years in issue was improperly attributed to the "J. H. Schroeder Family Trust" and the "Loup Valley Cookware Trust." In his testimony, petitioner conceded the trust issue and represented that he would stipulate to that fact. After conclusion of the trial, petitioner declined to execute an unequivocal concession of this issue. On March 25, 1985, respondent submitted to the Court a Motion to Dismiss and for Damages. By order dated April 11, 1985, we denied respondent's Motion without prejudice to the right to renew for good cause shown. However, in keeping with petitioner's representation to this Court, we established by a Memorandum Sur Order, dated April 11, 1985, that the J. H. Schroeder Family Trust and the Loup Valley Cookware Trust are not effective for Federal income tax purposes and that the issues pertaining thereto are conceded by petitioner. Rules 104(c)(1) and 123(a). Second, on the basis of the evidence presented by petitioner at trial, respondent concedes that petitioner is entitled to additional deductions. Untilizing respondent's determination of gross income set forth in the deficiency, respondent redetermined petitioiner's taxable income for the years at issue as follows: Year
Taxable Income
1978
$34,395.00
1979
29,023.61
1980
15,023.92
Third, respondent concedes that petitioner's gross income as determined in the notice of deficiency, should be reduced by $3,000 for the taxable year 1979, which amount represents the repayment of a loan. Respondent did not include this amount in his redetermination of petitioner's taxable income for 1979. This $3,000 amount must be deleted from petitioner's gross income in the Rule 155 computation for the taxable year 1979. Fourth, respondent concedes that petitioner is entitled to dependency exemptions for his wife and three children. [R's Brief, p.7] Because it is conceded that petitioner's wife has no income, petitioner is entitled to an exemption for his wife even though he is deemed to be married filing separately. Sec. 151(b). Finally, on the basis of testimony presented at trial, respondent concedes that none of the income received by petitioners for the years in issue is attributable to petitioner Marlys E. Schroeder. As a result, "petitioner" in the singular form hereinafter refers to petitioner J. H. Schroeder.↩
3. Respondent issued separate notices of deficiencies to petitioner Marlys Schroeder and petitioner J. H. Schroeder on January 26, 1984. The deficiencies were for identical amounts. Petitioners filed separate petitions in this Court. On January 23, 1985, respondent filed a Motion to Consolidate for Trial, Briefing and Opinion. We granted this Motion on January 28, 1985.↩
4. By letters to respondent dated January 1, 1983, petitioner contends that he and his wife filed Forms 1041 for the two trusts for taxable years ending February 28, 1980, and February 29, 1981. Given petitioner's lack of credibility, we question whether these returns were filed. In any event, the returns are not valid because the jurat was deleted. See our discussion, infra,↩ p. 6-7.
5. It is unclear when, if ever, the 1980 Form 1040 was filed. By letter to respondent dated June 23, 1983, petitioner attached a copy of an invalid Form 1040 and contended the Form was timely filed. In any event, respondent is within the three-year statute of limitations for a deficiency assessment for petitioner's taxable year 1980. Sec. 6501(a).↩
6. During the course of the examination of the petitioner's income tax liability for the years 1978 through 1980 respondent's revenue agent served summonses on the First National Bank, Ord, Nebraska, and Bank of Taylor, Taylor, Nebraska, seeking bank records of accounts maintained by petitioners. Under section 7609(b), petitioners gave notice to the banks not to comply with the summonses. On June 3, 1982, respondent filed petitions to enforce the summonses in the U.S. District Court for the District of Nebraska. On December 22, 1982, the District Court ordered enforcement of the summons. Petitioner appealed the District Court's order to the Court of Appeals for the Eighth Circuit. On April 27, 1983, the Eighth Circuit affirmed the decision of the District Court.↩
7. See secs. 6001, 6011(a) and 6061. See also Schroeder v. Commissioner,T.C. Memo. 1986-337↩.
8. Since we have found that petitioner failed to file returns for the taxable years in question, we need not reach the issue raised by both respondent and petitioner on brief as to whether the summons proceeding tolled the statute of limitations under section 7609.↩
9. In addition to various itemized deductions and business expenses, petitioner argued that in 1978 he was entitled to a net operating loss carryover of $26,604 and investment credit carryover of $163 from 1977.↩
10. Petitioner asserts, by reference within the petition, the brief, and reply brief, an entitlement to elect income averaging and to an exemption from self-employment tax. Petitioner presented no evidence at trial or on brief as to these issues and, on consideration of the record as a whole, petitioner has not satisfied his burden of proof as to these issues. Rule 142(a).↩