NORMAN R. TAYLOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 1033-86.
United States Tax Court
T.C. Memo 1987-403; 1987 Tax Ct. Memo LEXIS 400; 54 T.C.M. (CCH) 141; T.C.M. (RIA) 87403; August 18, 1987. *400 Norman R. Taylor, pro se. Pamela R. Martin, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: This case is again before us (see Taylor v. Commissioner,T.C. Memo. 1987-266) on petitioner's motion, filed on July 1, 1987, to vacate and revise our decision entered on June 2, 1987 and/or for further trial. On or about October 22, 1985, respondent mailed petitioner a notice of deficiency determining deficiencies and additions to tax as set forth in our prior opinion. On January 13, 1986, petitioner filed his petition herein setting forth a variety of legal, not factual, grounds, mostly of a constitutional nature, for contesting respondent's determinations. On March 14, 1986, respondent filed his answer and, on April 25, 1986, petitioner filed his reply in which he repeated many of the grounds set forth in his petition. When this case was called for trial on March 9, 1987 in Detroit, Michigan (the place designated for trial by petitioner), pursuant to notices to the parties dated October 2, 1986 and January 12, 1987, petitioner twice declined the opportunity to present testimony on the substantive issues as to whether he *401 received the amounts as set forth as income in the notice of deficiency and/or was entitled to deductions, exemptions or credits beyond those allowed by respondent; in fact, he stated on the record that he had received those amount and had no other deductions, etc. to claim because he was resting his case on his alleged constitutional rights. Although the court advised petitioner that his legal arguments were without merit, he was afforded the opportunity to file a brief. That brief was filed on April 27, 1987 and did no more than reiterate and expand on the grounds for contesting the deficiency previously advanced by petitioner. On June 1, 1987, the Court issued its opinion rejecting petitioner's arguments and sustaining respondent's determinations, T.C. Memo. 1987-266. At the outset, we note that motions to vacate are granted at the Court's discretion [1] and are usually denied where the moving party seeks to reopen a case in order to present theories or grounds, and evidence in support thereof, which could have been advanced and supported at the earlier trial. Chiquita Mining Co. v. Commissioner,148 F.2d 306, 310 (9th Cir. 1945), affg. a Memorandum *402 Opinion of this Court; Standard Knitting Mills,Inc. v. Commissioner,141 F.2d 195, 198-199 (6th Cir. 1944), affg. 47 B.T.A. 295 (1942); Haft Trust v. Commissioner,62 T.C. 145, 147 (1974), affd. on this issue 510 F.2d 43, 45 n. 1 (1st Cir. 1975). Cf. Markwardt v. Commissioner,64 T.C. 989, 998 (1975); Second Carey Trust v. Commissioner,41 B.T.A. 800, 808 (1940), affd. 126 F.2d 526, 529-530 (D.C. Cir. 1942). We find no basis for according to petitioner any exception to the foregoing standard for action on motions to vacate. *403 It is clear beyond question that the grounds upon which petitioner now seeks to rely to contest respondent's determinations, as set forth in the notice of deficiency, were known to petitioner and could have been asserted by petitioner alternatively to his allegations of violations of his constitutional rights, since pleading in the alternative is permitted in this Court. Rule 31(c), Tax Court Rules of Practice and Procedure; Doggett v. Commissioner,66 T.C. 101, 103 (1976). Even petitioner's claim to the benefits of Phillips v. Commissioner,86 T.C. 433 (1986) could have been asserted at trial, that case having been decided almost a year earlier. Petitioner's claim that he understood that the calendar call would not be the equivalent of a trial is disingenuous to say the least. The communication to the parties by the Clerk of the Court in respect of the March 9, 1987 Detroit session, which accompanied the October 2, 1986 notice of trial, and which the Court has made pat of the record, clearly advises the parties that cases may be tried at any time during the trial session. More importantly, it is clear from the record herein that petitioner *404 was not interested in pursuing the substantive tax issues relating to income, deductions, etc., although he was given the opportunity to do both when the case was first called from the calendar and when it was recalled later in the morning on March 9, 1987. Had petitioner shown any such interest, the Court would have been more than willing to afford him the opportunity to do so during the Detroit trial session. In sum, petitioner wants two bites of the apple. Having wasted the Court's time by pursuing his meritless claims, see T.C. Memo. 1987-266, he has now decided to be contrite and seeks to deal with the substantive issues upon which respondent's notice of deficiency is based as hundreds of other taxpayers customarily do in the first instance in this Court. We hold that it is too late for him so to do. Cf. Pierce Oil Corp. v. Commissioner,30 B.T.A. 469, 475 (1934). An order will be issued denying petitioner's motion.
Footnotes
1. Petitioner's motion to vacate was filed within the 30-day period specified in Rule 162, Tax Court Rules of Practice and Procedure and long before our decision herein became final. Thus, our exercise of discretion is not limited to a finding of "fraud on the Court." See Senate Realty Corp. v. Commissioner,511 F.2d 929, 931 (2d Cir. 1975), affg. an unreported order of this Court. See also Kenner v. Commissioner,387 F. 2d 689, 690-691 (7th Cir. 1968), affg. an unreported order of this Court. Nor do we have any issue in respect of our jurisdiction over the case itself. Brannon's of Shawnee, Inc. v. Commissioner,69 T.C. 999, 1002 (1978). See Bulloch v. United States,721 F.2d 713, 718↩ (10th Cir. 1983).