MICHAEL CASEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Casey v. Commissioner
Docket No. 24035-86.
United States Tax Court
T.C. Memo 1988-170; 1988 Tax Ct. Memo LEXIS 198; 55 T.C.M. (CCH) 664; T.C.M. (RIA) 88170; April 25, 1988. Michael Casey, pro se. Bernard P. Coniff, for the respondent. WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, Special Trial Judge: This case was heard pursuant to section 7456(d) (redesignated as section 7443A(b) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. [1]
Respondent determined the following deficiencies in, and additions to, petitioner's Federal incomes taxes: Additions to Tax
Section
Section
Section
Section
Section
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654(a)
6661(a)
1982
$ 5,524.00
$ 1,292.00
$ 276.00
*
$ 494.00
$ 1,381.00
1983
5,141.00
$ 1,270.00
$ 357.00 **
$ 310.00
$ 1,285.00
After concessions *201 the issues remaining for decision are: (1) whether wages received by petitioner in 1982 and 1983 are taxable; (2) whether petitioner's tax liability for 1982 and 1983 should be computed by using the married filing jointly tax rates; (3) whether petitioner is entitled to a deduction for employee business expenses in 1982 and 1983 for the use of his automobile; (4) whether petitioner is entitled to a deduction for moving expenses in 1982 and 1983; (5) whether petitioner is entitled to a child care credit for 1982 and 1983; (6) whether petitioner is entitled to a deduction for a loss allegedly incurred from an investment in silver for 1982 and 1983; and (7) whether petitioner is liable for additions to tax under sections 6651(a), 6653(a)(1) and (2), 6654(a) and 6661(a) for 1982 and 1983. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner, Michael Casey, resided in Tucson, Arizona at the time he filed the petition in this case. Petitioner did not file Federal income tax returns with the Internal Revenue Service for 1982 and 1983. In 1981, petitioner and his family moved *202 from Tucson, Arizona, to Ft. Lauderdale, Florida, because he had a new job with General Interiors, Inc. in the Miami area. In both 1982 and 1983, petitioner paid $ 351.00 rent for a mini-warehouse in Tucson, where he stored household goods left behind from his move to Ft. Lauderdale in 1981. During 1982 and 1983, petitioner lived with his wife and their only child, Lindsley Casey, in the same household. Petitioner performed services as a carpenter for a number of employers during 1982 and 1983. Petitioner's wife attended school in 1982 and 1983 and was not employed during such time. In 1983, petitioner paid $ 2,331.00 for the care of his child while he worked and his wife attended school. Petitioner also spent $ 410.80 traveling to Tucson to pick up household goods he left behind from his 1981 move to Ft. Lauderdale. During 1983, petitioner purchased silver from the International Gold Bullion Exchange (Exchange). The Exchange never delivered the silver to petitioner. On April 27, 1983, the Exchange filed for relief under Chapter 11 of the bankruptcy code. The Chapter 11 status was converted to a Chapter 7 liquidation on or about June of 1986. The issues here and our *203 decisions are as follows: (1) Whether wages received by petitioner in 1982 and 1983 are taxable. Petitioner received wages in 1982 and 1983 and there is no dispute as to the amount. [2]Section 61(a) states that "gross income means all income from whatever source derived, including (but not limited to) * * * compensation for services." Wages, payable in Federal Reserve notes, for services are income within the meaning of Federal taxing statutes, and petitioner's contention to the contrary is frivolous and does not merit further discussion. Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983). (2) Whether petitioner's tax liability for 1982 and 1983 should be computed using the married filing jointly tax rates. Section 6013(a) *204 allows a husband and wife to elect the filing of a joint return. A joint return must be filed in order validity to elect joint return treatment. Thompson v. Commissioner,78 T.C. 558, 561 (1982); cf Phillips v. Commissioner,86 T.C. 433, 441 n.7 (1986). Since petitioner had not filed income tax returns claiming married filing jointly status for 1982 and 1983 prior to the date the case was submitted for decision, he is not entitled to elect joint filing status. His taxable income must be calculated in accordance with the rates applicable to married persons filing separately. (3) Whether petitioner is entitled to a deduction for employee business expenses for the use of his automobile during 1982 and 1983. Section 162 allows employees who use an automobile for business to deduct related expenses. However, it is well settled that expenses incurred by a taxpayer in commuting between his home and his place of business are personal and nondeductible. Fausner v. Commissioner,413 U.S. 838, 839 (1973); Commissioner v. Flowers,326 U.S. 465, 473 (1946). *205 Petitioner testified that all the car expense deductions he claims were incurred in commuting between home and work. All such deductions are disallowed. (4) Whether petitioner is entitled to deduct expenses under section 217 for renting a mini-warehouse where household goods were stored during 1982 and 1983. Section 217 allows a deduction for moving expenses incurred in connection with the commencement of work at a new location. Storage charges for household goods are deductible only with respect to in-transit storage. "Expenses of storing and insuring household goods and personal effects constitute in-transit expenses if incurred within any consecutive 30-day period after the day such goods and effects are moved from the taxpayer's former residence and prior to delivery at the taxpayer's new residence." Sec. 1.217-2(b)(3), Income Tax Regs. Petitioner moved to Ft. Lauderdale in 1981 and he has failed to prove that the storage expenses incurred in 1982 or 1983 constitute intransit expenses. No moving expense deduction will be allowed for 1982 or 1983. *206 (5) Whether petitioner is entitled to a child care credit for 1982 and 1983. Section 44A[3] generally allows a child care credit for employment related child care expenditures. Petitioner was required to file a joint income tax return in order to claim such a credit. No joint Federal income tax return for 1982 or 1983 was filed, so no credit will be allowed. Sec. 1.44A-3, Income Tax Regs.
(6) Whether petitioner is entitled to a deduction for losses allegedly incurred from an investment in silver for 1983. Section 165 generally allows an individual a deduction for losses incurred in a trade or business or in a transaction entered into for profit and not compensated for by insurance or otherwise. With exceptions not relevant here, the loss must be evidenced by closed and completed transactions, fixed by identifiable events, *207 and actually sustained during the taxable year. Sec. 1.165-1(b) and (1)(d), Income Tax Regs. The bankruptcy proceedings involving the Exchange were not concluded in 1983 and were in fact still incomplete at the date of this trial. On this record, we hold that petitioner's loss, if any, did not occur in 1983 and he is not entitled to a deduction for 1983 for such loss. (7) Whether the petitioner is liable for additions to tax under section 6651(a), 6653(a)(1) and (2), 6654(a) and 6661(a) for 1982 and 1983. Petitioner bears the burden of showing that he is not liable for addition to tax for failure to file a return pursuant to section 6651(a)(1). [4]Rule 142(a). He admits that he failed to file his return for 1982 and 1983 and no evidence was presented that such failure was due to reasonable cause. Respondent's determination with respect to section 6651(a)(1) is sustained. *208 Respondent determined that petitioner is liable for the additions to tax under section 6653(a)(1) and (2) on the grounds that all of petitioner's underpayment of income taxes was due to negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proving the respondent's determination is wrong. Rule 142(a); Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioner offered no evidence or reasonable explanation regarding the causes for his underpayments. Respondent's determinations with respect to the additions to tax under section 6653(a)(1)and (2) are sustained. Respondent also determined an addition to tax under section 6654 for failure to pay estimated income tax for the taxable years 1982 and 1983. The imposition of the section 6654 addition to tax is mandatory unless one of the statutory exceptions applies. Section 6654; Grosshandler v. Commissioner,75 T.C. 1, 20 (1980). Petitioner did not file estimated tax payments *209 for 1982 or 1983 and some of petitioner's employers did not withhold any income tax from his wages. [5] Petitioner has not shown that one of the exceptions provided for in section 6654(d) applies. We sustain respondent's determination of the additions to tax under section 6654. Respondent also determined that petitioner is liable for additions to tax under section 6661(a) for substantial understatement of tax liability in the taxable years 1982 and 1983. [6]Section 6661(a) provides that in the event of a substantial understatement of income tax for any taxable year, there should be added to the tax an amount equal to 25 percent of any underpayment attributable to such understatement. [7]Pallottini v. Commissioner, 90 T.C.    (March 30, 1988). Section 6661(b) states that a "substantial understatement" exists if the amount of the understatement of income tax for the year exceeds the greater of (1) 10 percent of the tax required to be shown on the return, *210 or (2) $ 5,000. The deficiencies for 1982 and 1983 exceed $ 5,000, which is the greater of the two test amounts. Petitioner had a substantial understatement of income tax for 1982 and 1983 and is liable for additions to tax under section 6661(a). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and as in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50 percent of the interest due on $ 5,166.00 ** 50 percent of the interest due on $ 5,081.00 ↩
2. Petitioner received wages of $ 22,833.43 in 1982 and $ 24,328.17 in 1983. Petitioner also received unemployment compensation in 1982 and interest income in 1982 and 1983 and he concedes that these latter amounts are taxable income to him. ↩
3. Section 44A↩ was redesignated as section 21(a) by Pub. L. 98-369, 98 Stat. 826, effective for years beginning after December 31, 1983. 4. Section 6651(a)(1)↩ provides that in case of failure to file a return on the date prescribed therefor, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return five percent of the amount of such tax if the failure is not for more than one month, with an additional five percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. 5. Petitioner earned over $ 22,000 in wages in 1982 and only $ 358.17 in Federal income tax was withheld by his employer. ↩
6. By amended answer, respondent claimed an increase in the rate by which the section 6661↩ additions to tax are computed from 10 percent, as set forth in the statutory notice of deficiency, to 25 percent. 7. Section 8002 of the Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, 100 Stat. 1951, increases the section 6661↩ addition to tax to 25 percent. This increased percentage is effective for additions to tax assessed after October 21, 1986.