JERRY McGARVEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McGarvey v. Commissioner
Docket No. 37331-85.
United States Tax Court
T.C. Memo 1987-521; 1987 Tax Ct. Memo LEXIS 513; 54 T.C.M. (CCH) 876; T.C.M. (RIA) 87521; October 6, 1987. *514 Jerry McGarvey, pro se. Clinton Fried, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In separate notices of deficiency, respondent determined deficiencies in and additions to petitioner's Federal income taxes for 1982 and 1983 as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
1982
$ 13,912
$ 2,482.95
$ 695.60 *
$ 869.86
* 50% of the interest due on the deficiency of $ 9,931.80.
1983
742
185.50
37.10 *
--
* 50% of the interest due on the deficiency of $ 742.
The issues to be determined are whether petitioner is entitled to business deductions, dependency exemptions, and joint return rates and whether he is liable for additions to tax for failure to file timely returns, for negligence or intentional disregard of rules or regulations, and for failure to pay estimated tax. FINDINGS OF FACT Some of the facts have been stipulated, and *515 the stipulation is incorporated in our findings by this reference. Petitioner resided in Grayville, Illinois, at the time he filed the petition. During 1982 and 1983, petitioner was employed in the construction industry. He earned wages of $ 41,179 in 1982 and $ 8,248 in 1983. Petitioner also had taxable unemployment compensation of $ 113 in 1982 and $ 347 in 1983 and interest income of $ 12 in 1982 and $ 95 in 1983. In 1980, petitioner married Betty June Carr and became the father of a son. He lived with his wife and son and provided their support in Kentucky until about April 1982. Thereafter petitioner, his wife, and son moved to Grayville, Illinois, where he resided through the time of trial. During 1982 and 1983, petitioner drove his automobile from his residence in Kentucky or in Illinois to various construction sites, where he performed services as a pipefitter or as a welder. Petitioner was sent to the various job sites by his union. Petitioner did not live away from home during 1982 or 1983 but commuted from his home to his job site on a daily basis. Petitioner's wife commenced employment in 1983 at a nursing home. She filed a separate tax return for 1983 and *516 claimed their son as a dependent on that return. For 1982 and 1983, petitioner filed Forms 1040 that did not contain any information concerning his income or deductions for the years in issue but set forth frivolous objections and arguments. His petition in this case asserted similar and additional frivolous arguments and failed to allege facts concerning petitioner's income or deductions. Respondent moved for summary judgment and for damages under section 6673. After being given an opportunity to do so by the Court, petitioner filed an amended petition in which he alleged that he was entitled to business deductions for transportation expense in his work, dependency exemptions for his wife and son, and joint return filing status. Petitioner alleged facts in support of his claims, and, on that basis, respondent's motion for summary judgment and damages was denied. The case was then set for trial on the issues raised in the amended petition. OPINION In Kasun v. United States,671 F.2d 1059 (7th Cir. 1982), the Court of Appeals for the Seventh Circuit, to which our decision in this case is appealable, summarized the rules applicable to petitioner's claim for *517 expenses relating to his driving from his residence to the job sites on which he was employed in the construction industry. Pertinent portions of the opinion are as follows: Section 162(a) of the Internal Revenue Code, 26 U.S.C. sec. 162(a), allows a taxpayer to deduct ordinary and necessary business expenses. Personal, living, or family expenses, however, are not deductible. 26 U.S.C. sec. 262. In Commissioner v. Flowers,326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946), the Supreme Court held that travel expenses are deductible under sec. 162(a) only if (1) the expense is reasonable and necessary, (2) the expense is incurred while away from home, and (3) the expense is incurred in the pursuit of business. Id. at 470, 66 S.Ct. at 252. It is well-settled that the cost of daily commuting is a nondeductible, personal expense under sec. 262. See, e.g., Commissioner v. Flowers,326 U.S. 465, 473, 66 S.Ct. 250, 253, 90 L.Ed. 203 (1946); * * * An exception to the general rule against the deductibility of commuting expenses allows the taxpayer to deduct the cost of *518 traveling to a job that is temporary, as opposed to indefinite, in duration. See, e.g., Peurifoy v. Commissioner,358 U.S. 59, 60, 79 S.Ct. 104, 105, 3 L.Ed.2d 30 (1958); * * * Determination of whether a job is temporary or indefinite is a factual question. Peurifoy v. Commissioner,358 U.S. 59, 61, 79 S.Ct. 104, 105, 3 L.Ed.2d 30 (1958). The court must examine all of the circumstances of the case before reaching its conclusion. Frederick v. United States,603 F.2d 1292, 1296 (8th Cir. 1979). When reviewing the facts, the court must bear in mind that employment which was temporary may become indefinite if it extends beyond the short term. Also, employment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time. See Boone v. United States,482 F.2d 417, 419 n.4 (5th Cir. 1973). * * * As other courts have noted, work in the construction industry is, by its very nature, impermanent. See, e.g., Commissioner v. Peurifoy,254 F.2d 483, 486 (4th Cir. 1957), aff'd,358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958). Workers move from *519 job to job and often must seek employment at some distance from their homes. Courts have not, however, found that these characteristics distinguish construction work from other forms of employment. Rather than recognize a construction-work exception to sec. 262, courts must judge each case on its facts according to the "temporary-indefinite" test. * * * In any tax case, it is the responsibility of the taxpayer to place himself clearly within the bounds of the appropriate Code section relating to the deduction he is claiming. United States v. Tauferner,407 F.2d 243, 245 (10th Cir.), cert. denied,396 U.S. 824, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969). * * * [671 F.2d at 1061-1063. Fn. ref. omitted.] Petitioner testified that his claim for business expenses was based upon the mileage that he traveled from his home to the job site on a daily basis, multiplied by the number of days that he estimated that he worked at a particular job site. The parties have tried the issue as a dispute over whether petitioner's jobs were temporary or indefinite. Applying this test, petitioner has failed to satisfy his burden of proving that the jobs were *520 temporary rather than merely lacking in permanence. He testified that he had "estimations" of the amount of time required when he was sent to a job. He failed to provide any specific information, however, as to the anticipated duration of any of the jobs that he had during the years in issue. [2] He is not, therefore, entitled to any deduction for transportation expenses. Petitioner contends *521 that he is entitled to dependency exemptions for his wife and son in 1982. He testified that he was married in 1980, that his won was born in 1980, and that he supported his wife and son during 1982. He testified that his wife did not begin working until 1983. He presented a certificate of marriage, signed by the person performing the ceremony, and a birth certificate for his son. Respondent argues that petitioner's testimony is not credible and is insufficient to satisfy his burden of proof. Although the reliability of some of the petitioner's claims may be eroded by his tendency to make frivolous arguments, his testimony with respect to the dependency exemptions is not inherently incredible, and we have no reason not to believe him with respect to those items. He is, therefore, entitled to dependency exemptions for his wife and son for 1982. Petitioner's failure to file a valid return, however, prevents his now enjoying the benefits of joint return status for 1982. Thomson v. Commissioner,78 T.C. 558 (1982). Petitioner and his wife never filed a return for 1982, electing joint return status. Thus, his situation is distinguished from that of the taxpayers *522 in Phillips v. Commissioner,86 T.C. 433 (1986), on appeal (D.C. Cir., Aug. 7, 1987), in which we overruled our prior opinion in Durovic v. Commissioner,54 T.C. 1364 (1970), affd. on this issue 487 F.2d 36 (7th Cir. 1973). In any event, because of its affirmance by the Court of Appeals for the Seventh Circuit, Durovic still represents the law applicable to petitioner's case. See Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). The Forms 1040 submitted by petitioner did not constitute returns because they did not constitute an honest and reasonable attempt to supply information required by the Internal Revenue Code. See United States v. Moore,627 F.2d 830, 835 (7th Cir. 1980); United States v. Porth,426 F.2d 519 (10th Cir. 1970); Cupp v. Commissioner,65 T.C. 68, 78-79 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977). The frivolous nature of those forms compels the conclusion that respondent's determination of additions to tax for failure to file, under section 6651(a), and for negligence *523 or intentional failure to comply with rules and regulations, under section 6653(a), must be sustained. See Thompson v. Commissioner, supra.Moreover, petitioner is reminded that he narrowly escaped the imposition of damages under section 6673, because his initial position in this proceeding was frivolous or groundless, and that any further filings by him of a similar nature may be expected to result in an award of damages against him in an amount not in excess of $ 5,000. The addition to tax under section 6654 is mandatory absent exceptions not shown to apply in this case. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, except as otherwise noted. ↩
2. When respondent's counsel sought to elicit information, petitioner testified as follows: Q. What did you know about the job with Industrial Contractors when you were employed there? A. I don't understand what you are getting at. Q. Do you know the size of the job you were undertaking to perform? A. No, you don't when you go out, you never now what you are going to. Q. So you could have a day's worth of work, you could have had 3 years worth of work, you just didn't know at that time, is that right? A. That is correct. You may have an estimation but you have no way of knowing for sure. Q. Unless you said you were laid off, you thought you had work, didn't you? A. Generally you can see when it is coming to an end.
The balance of his testimony was comparable. ↩