TERRY A. OLSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olson v. Commissioner
Docket No. 34855-86.
United States Tax Court
T.C. Memo 1987-543; 1987 Tax Ct. Memo LEXIS 535; 54 T.C.M. (CCH) 969; T.C.M. (RIA) 87543; October 26, 1987. Terry A. Olson, pro se. John C. Schmittdiel, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) of the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) of the Code [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: Respondent determined the following deficiencies and additions to petitioner's Federal income taxes: *538 Additions to Tax
Section
Section
Section
Section
Section
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
6661
1982
$ 6,620.00
$   828.00
$ 331.00
*
$ 242.00
$ 662.00
1983
$ 6,917.00
$ 1,719.00
$ 346.00
**
$ 419.00
$ 692.00
1984
$ 7,271.00
$ 1,817.00
$ 384.00
***
$ 457.00
$ 727.00
After concessions by the parties, the issues for decision are: (1) Whether wages and interest received by petitioner constituted taxable income for the years at issue; (2) whether petitioner was entitled to joint filing status for the years at issue; and (3) whether petitioner is liable for the additions to tax. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner was a resident of Minneapolis, Minnesota, at the time the petition was filed. During the years in question, petitioner was married to Judith D. Olson (Judith). *539 During these years, petitioner was employed as a bus driver by the Minneapolis Metropolitan Transit Commission (MTC), from which he earned wages of $ 24,180, $ 25,566, and $ 28,483, for 1982, 1983, and 1984, respectively. Petitioner also received $ 21 interest income from Midwest Federal Savings in 1982 and $ 22 interest income from the MTC Credit Union in 1983. Petitioner failed to file income tax returns for 1982, 1983, and 1984. However, he conceded at trial that he filed income tax returns for 1979, 1980, and 1981. Petitioner's wife, Judith, filed timely 1982, 1983, and 1984 income tax returns on which she elected a filing status of "married individual filing separately." Respondent determined that petitioner's wages and interest constituted taxable income and determined the deficiencies in tax and additions to tax based on petitioner's receipt of such income. OPINION Respondent's determination in the notice of deficiency is presumptively correct, and petitioner bears the burden of proving otherwise by a preponderance of the evidence. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). With respect to the wages and interest received by *540 petitioner, it is well settled that section 61 encompasses all realized accessions to wealth, Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955), including wages and interest. Section 61(a)(1) and (4). Income is defined under the Sixteenth Amendment as "gain derived from capital, from labor, or from both combined." Eisner v. Macomber,252 U.S. 189, 207 (1920). See United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980), where the court said "'the earnings of the human brain and hand when unaided by capital' are commonly treated as income" and "the Sixteenth Amendment is broad enough to grant Congress the power to collect an income tax regardless of the source of the taxpayer's income." (Citations omitted.) Accordingly, petitioner's contention that wages and interest income are not includable in gross income is without merit. We sustain respondent's determination that petitioner was taxable on the wages and interest he earned for the years in question. With respect to petitioner's assertion that he is entitled to use the tax rates applicable to married individuals filing joint returns, section 1(a) provides that such *541 rates apply to the taxable income of "every married individual * * * who makes a single return jointly with his spouse under section 6013." Thus a joint return must be filed in order to validly elect joint return status. Thompson v. Commissioner,78 T.C. 558, 561 (1982). See McGarvey v. Commissioner,T.C. Memo. 1987-521. See also Jenny v. Commissioner,T.C. Memo. 1983-1. Cf. Phillips v. Commissioner,86 T.C. 433, 441 n.7 (1986). In this case, petitioner filed no income tax returns for 1982, 1983, and 1984. His wife, however, filed timely returns for each of these years, on which she elected the filing status of married individual filing separately. Moreover, section 6013(b)(2)(C) prohibits the filing of a joint return after the filing of a separate return where "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213." Since respondent issued a notice of deficiency to petitioner, and a petition was filed with this Court, petitioner's *542 wife, Judith, is prohibited from changing her filing status from married filing separately to married filing jointly. It follows, therefore, that, if Judith is precluded from changing her filing status for the years in question, petitioner is precluded from making the joint election with her for the years in question. Accordingly, petitioner's taxable income must be taxed in accordance with the rates applicable to married persons filing separately. Additions to tax under section 6654, for the underpayment of estimated taxes, are mandatory unless the taxpayer can demonstrate that he fits within one of the computational exceptions. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Since petitioner failed to show that any exception applies, this addition to tax is sustained. Petitioner also bears the burden of proof with respect to the addition under section 6651(a)(1) for the failure to timely file tax returns. Petitioner did not file returns for the taxable years 1982, 1983, and 1984. He produced no evidence to show that his failure to file was due to reasonable cause and not willful neglect. Accordingly, we sustain respondent's determination of *543 the addition to tax under section 6651(a)(1) for the years in question. Likewise, petitioner has not met his burden of proof with respect to additions to tax under sections 6653(a)(1) and 6653(a)(2). See Bixby v. Commissioners,58 T.C. 757 (1972); Enoch v. Commissioner,57 T.C. 781, 802 (1972). The addition to tax under section 6653(a)(1) applies if any part of an underpayment of tax is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) applies to that portion of the underpayment attributable to negligence or intentional disregard of the rules or regulations. The determination of whether negligent or international disregard of rules and regulations has occurred depends on an analysis of the facts and circumstances that take into account the standard of conduct that can be reasonably expected of the taxpayer. Based on the record before us, petitioner has not met his burden of proving that he acted reasonably in failing to report the wages and interest income he earned during 1982, 1983, and 1984. Wages and interest income are included in gross income. Section 61(a)(1) and (4). Petitioner acknowledged receipt *544 of such income. Petitioner also acknowledged that he previously filed income tax returns for 1979, 1980, and 1981. He, therefore, knew or is held to have known that he was required to file income tax returns and report his income for the years in question. Accordingly, we sustain respondent's determination of the additions to tax under section 6653(a)(1) and (2). Section 6661(a) provides that, in the event of a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 10 percent of any underpayment attributable to such understatement. Section 6661(b) states that "a substantial underpayment" exists if the amount of the understatement of income tax for the year exceeds the greater of (1) 10 percent of the tax required to be shown on the return, or (2) $ 5,000. In this case, there was a substantial understatement of income tax for 1982, 1983, and 1984. Petitioner did not file any returns for those years. It follows that the section 6661(a) addition to tax applies. Respondent, therefore, is sustained on this determined. [2]
*545 Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50 percent of the interest due on $ 3,313.00. ↩
**. 50 percent of the interest due on $ 6,877.00. ↩
***. 50 percent of the interest due on $ 7,269.00. ↩
2. As of the date the notice of deficiency in which respondent determined the section 6651(a) additions to tax against petitioner was issued, the section 6661(a) addition to tax was equal to 10 percent of the underpayment attributable to a substantial understatement. Section 6661(a) has twice been amended since then. The Tax Reform Act of 1986, Pub. L. 99-514, section 1504(a), 100 Stat. 2085, 2743, increased the section 6661(a) addition to tax to 20 percent of the underpayment attributable to a substantial understatement for returns the due date of which, determined without regard to extensions, is after December 31, 1986. The Omnibus Reconciliation Act of 1986, Pub. L. 99-509, section 8002(a), 100 Stat. 1874, 1951, increased the section 6661(a) addition to tax to 25 percent of the underpayment attributable to a substantial understatement for additions to tax assessed after October 21, 1986. Respondent has not amended his answer to seek an increase to the section 6661(a) addition to tax over the amount determined in the notice of deficiency. Accordingly, we express no opinion at this time as to the effect of either of the above-referenced Acts on section 6661(a). We merely sustain respondent's determination of section 6661(a) attributable to the substantial understatement. ↩